Tu Minh TRINH, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–01318–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 23, 1998.

## OPINION

HUDSON, Justice.

Appellant, Tu Minh Trinh, was indicted for possession of a prohibited weapon. His first trial ended in a hung jury. He was, however, convicted at his second trial and sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seven years. Appellant brings four points of error, complaining: (1) the trial court erred in failing to suppress evidence; (2) the State withheld the names of key witnesses; and (3) he was denied the effective assistance of counsel. We reverse the trial court's judgment.

### Factual Background

In the evening hours of June 15, 1992, Officer Larry Thomas of the Houston Police Department was on routine patrol in southwest Houston. As he was passing the 7400 block of Bissonnet, he noticed a blue vehicle with several occupants leaving an apartment complex. Thomas testified the occupants appeared startled when they saw the police car. Although Thomas felt these individuals were suspicious, he did not believe he had sufficient reason to stop the vehicle. Immediately thereafter, Thomas received a report of gunshots coming from the apartment complex. Officer Thomas went to a nearby carwash to talk to the person who had placed the complaint. An individual at the carwash pointed to the blue vehicle Thomas had previously seen and told Thomas the vehicle had been involved in the incident.

Thomas immediately pursued the vehicle and called for backup. The blue vehicle pulled into Bayland Park and stopped. As Thomas pulled up behind the vehicle, he noticed the individual in the passenger's seat, later discovered to be Tu Minh Trinh, lean forward as if he was placing something under the seat. Thomas exited his patrol car and removed each occupant from the vehicle, beginning with the driver, Salvador Nieto. Although Thomas found no weapons on any of the five passengers, he smelled a strong odor of alcohol and observed two six-packs of beer inside the car. During Thomas' search of

Doanh T. Nhuyen, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before HUDSON, FOWLER and DRAUGHN,* JJ.

* Former Justice Joe L. Draughn sitting by assignment.

the vehicle, he found a loaded .380 pistol and ammunition for the pistol under the passenger's seat. All five occupants of the vehicle were then arrested for various offenses— Trinh was arrested for possession of the pistol [1]; Nieto was arrested for suspicion of driving while intoxicated; and the other three passengers were arrested for public intoxication.

Because no one was available to drive the vehicle, Nieto's vehicle was impounded and an inventory of the vehicle was conducted pursuant to Houston Police Department policy. During this inventory, Thomas found several shotgun shells in the glove compartment and a spent .380 round on the passenger side floorboard. He also discovered a sawed-off shotgun in the trunk. When he asked who it belonged to, Trinh responded, "That's my shotgun." Trinh was charged with the additional felony offense of possession of a prohibited weapon.

### Failure to Suppress the Shotgun

In his first two points of error, Trinh argues the trial court erred in failing to suppress the shotgun found in the trunk of Nieto's vehicle. Trinh first agues the shotgun should have been suppressed "due to the obvious pretextual arrest and lack of probable cause to arrest of [sic] Salvador Nieto . . ." In his second point of error, Trinh argues the shotgun should have been suppressed because the impoundment and inventory of Nieto's vehicle was illegal. In essence, Trinh challenges the search of Nieto's vehicle and argues the shotgun is the fruit of an illegal search and is therefore inadmissible.

■ We must first address the State's contention that Trinh, as a mere passenger of Nieto's vehicle, lacks standing to complain of the search of the vehicle. "To establish standing to contest a search, the defendant must show he had 'a legitimate expectation of privacy' in the area searched." *Metoyer v. State*, 860 S.W.2d 673, 677 (Tex.App.—Fort Worth 1993, pet. ref'd). A passenger in a vehicle does not have a legitimate expecta-

tion of privacy in a vehicle where he fails to assert a possessory interest in the vehicle or the property seized. *See Meeks v. State*, 692 S.W.2d 504, 510 (Tex.Crim.App.1985). The evidence in this case shows, and Trinh does not argue otherwise, that Trinh had no possessory interest in Nieto's vehicle. Further, Trinh denies any possessory interest in the property seized; indeed, it was his defense at trial that the shotgun did not belong to him.

■ However, "a mere passenger may challenge the search of a vehicle in which he was riding if the search resulted from an infringment of his own Fourth Amendment rights." *Metoyer*, 860 S.W.2d at 677. A defendant who challenges the validity of the initial stop of a vehicle in which he was a passenger questions infringement of his own Fourth Amendment rights, regardless of whether he has an expectation of privacy in the place to be searched. *See Lewis v. State*, 664 S.W.2d 345, 348 (Tex.Crim.App.1984). Therefore, Trinh has standing to challenge the admissibility of the fruits of the search *only* if the initial stop was unlawful. *See Metoyer*, 860 S.W.2d at 677.

■ Trinh contends the initial stop was not justified because Officer Thomas had only a "hunch" that Nieto's Buick was the same blue car involved in the gunfire incident. An investigative detention occurs when the police stop and briefly detain a person to ascertain his identity, reason for being in the area, or other such similar inquiry. *See Amores v. State*, 816 S.W.2d 407, 412 (Tex.Crim.App.1991). Before a detention is justified, the officer must possess "reasonable suspicion" to detain the suspect, *i.e.*, the officer must have specific, articulable facts, which in light of his experience and general knowledge, together with rational inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for investigation. *See Brem v. State*, 571 S.W.2d 314, 318 (Tex.Crim.App.1978). Here, Officer Thomas saw Nieto's vehicle at the complex and noted the occupants of the vehicle appeared startled when they saw him.

---

1. Trinh pled guilty to the misdemeanor offense of possession of a firearm and was placed on one year probation.

Further, the individual at the carwash pointed out Nieto's vehicle and identified it as the vehicle associated with the gunfire. Based on this information, Thomas pursued and stopped Nieto's vehicle.

Under these facts, the initial stop of Nieto's vehicle was not based on a mere hunch as Trinh suggests. *See Leighton v. State,* 544 S.W.2d 394 (Tex.Crim.App.1976) (finding that officer who was investigating a theft complaint was justified in stopping vehicle after it was pointed out by the complainant). The initial stop of Neito's vehicle was lawful. Thus, Trinh lacks standing to challenge the legality of the subsequent search. Points of error one and two are overruled.

### Failure to Disclose Passenger's Names

■■■■ Trinh next argues the State withheld evidence "tending to establish the innocence of the Appellant." Specifically, Trinh argues the State failed to produce, after a timely request, the names of the three other passengers in Nieto's vehicle at the time of the incident. He claims he was entitled to the names of the passengers under the rule set forth in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Under *Brady,* the State has an affirmative duty to disclose evidence favorable and material to a defendant's guilt or punishment. *See Ex parte Kimes,* 872 S.W.2d 700, 702 (Tex.Crim. App.1993). A violation of that duty occurs when a prosecutor (1) fails to disclose evidence (2) which is favorable to the accused, and which (3) creates a probability sufficient to undermine confidence in the outcome of the proceeding. *See id.* Because Trinh fails to show the witnesses had any exculpatory evidence,[2] the names of the witnesses in this case do not qualify as *Brady* evidence.

The real issue is whether, as a matter of due process, Trinh was entitled to the names

of the three passengers. It is clear from the record that these three individuals were arrested at the scene. However, it is not clear whether they were charged with an offense. The State contends there is no record of the arrests, and Trinh fails to show otherwise. We refuse to impose a burden on the State to produce evidence which may not be available, or might not even exist. Accordingly, point of error number three is overruled.

### Ineffective Assistance of Counsel

■■■■ In his final point of error, Trinh argues he was denied the effective assistance of counsel because his trial counsel's erroneous advice deprived him of the possibility of a probated sentence. The test for determining whether counsel rendered ineffective assistance of counsel at the punishment phase of a noncapital trial is that adopted by the Court in *Ex Parte Duffy,* 607 S.W.2d 507 (Tex. Crim.App.1980).[3] This test asks whether counsel was reasonably likely to render effective assistance and whether counsel reasonably rendered effective assistance—*i.e.,* whether the defendant received reasonably effective assistance of counsel. *Ex Parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App. 1992). There is no requirement that a defendant show prejudice—that but for counsel's performance the outcome of the proceeding would have been different—as is required under the second prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App.1987).

■■■■ The record before us reveals Trinh had a previous felony offense and therefore was not eligible for probation from a jury. *See* Tex.Code Crim. Proc. Ann. art. 42.12(4)(e). Prior to trial, however, Trinh's counsel, E.G. Huff, filed a sworn motion for probation and an election to have the jury

2. At trial, Trinh argued the shotgun did not belong to him. He contends the witnesses would shed light on who truly owned the shotgun. However, there is no proof that these witnesses had any knowledge regarding the ownership of the shotgun.

3. We recognize that the question of the proper standard of review in this situation is not settled. *See Valencia v. State,* 946 S.W.2d 81 n. 3 (Tex. Crim.App.1997) (recognizing that the issue of

what standard—*Duffy* or *Strickland*—applies to ineffective assistance occurring at the guilt/innocence phase but affecting the punishment phase is not clear but declining to decide the issue). Because the error in the instant case affected only the punishment stage, we choose to apply *Duffy.* However, we also believe the trial counsel's representation in the instant case was ineffective under the two-prong *Strickland* standard.

assess punishment. Ms. Huff later explained at the hearing on Trinh's motion for new trial that this election was made so as not to "alienate the jury." She also testified that she intended to later change the election to have the trial court assess punishment. What Ms. Huff admittedly failed to realize was the punishment election could not be changed after the jury verdict without the State's consent. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2. Therefore, when counsel filed an amended election of punishment and a motion for probation following the jury's guilty verdict, the State objected to the change and the trial court correctly denied the amendment. As a result, Trinh was denied any possibility of a probated sentence.

Because Ms. Huff's erroneous advice fell below the reasonableness standard required of a criminal defense attorney, we must reverse the court's judgment for ineffective assistance of counsel during the punishment phase of the trial. *See, e.g., Ex parte Canedo,* 818 S.W.2d 814 (Tex.Crim.App.1991) (trial counsel's mistaken belief that defendant was eligible for shock probation caused him to erroneously advise his client that the trial court should assess punishment deprived defendant of the opportunity to have the jury assess probation and therefore fell below the standard of reasonable representation); *see also Turner v. State,* 755 S.W.2d 207 (Tex. App.—Houston [14th Dist.] 1988, no pet.) (defendant whose trial counsel failed to inform him that trial court could not grant probation on aggravated robbery charge was denied effective assistance of counsel).

Regrettably, our decision permits Trinh to successfully evade the statutory requirement that he obtain the State's consent before changing his election. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp. 1998). At a new punishment hearing, Trinh can elect to have the court assess his punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1998). This windfall, we believe, is the unwitting product of counsel's ignorance of criminal law, not an intentional circumvention of Article 37.07. Were we persuaded otherwise, we would be required to report such activity to the General Counsel of the State Bar of Texas. *See*

TEX.CODE JUD. CONDUCT, Canon 3, pt. D(2) (1998).

Appellant's fourth point of error is sustained. The trial court's judgment is reversed and the cause is remanded to the trial court.