# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00394-CR

**Percy Green, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2010204, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Percy Green, Jr. appeals from his conviction for the possession of one gram or more but less than four grams of cocaine. *See* Tex. Health & Safety Code Ann. '' 481.102(3)(D), .115(c) (West Supp. 2003). The jury assessed appellant=s punishment, enhanced by a prior felony conviction, at imprisonment for fifteen years. On appeal, appellant asserts that the trial court erred by denying his motion to suppress evidence, he was denied effective assistance of counsel, and the State=s improper argument denied him a fair trial. We will affirm.

In his first point of error, appellant complains of the overruling of his motion to suppress evidence. Appellant concedes that the evidence demonstrates probable cause Afor all actions after the initial stop@; he Achallenges only the initial stop, made without a warrant.@ Although a passenger in a vehicle that is stopped by law enforcement officers may not have standing to contest a search of the vehicle, he has standing to challenge the stopping of the car and his own seizure and detention. *See Lewis v. State*, 664

S.W.2d 345, 348 (Tex. Crim. App. 1984); *Morfin v. State*, 34 S.W.3d 664, 667 (Tex. App.CSan Antonio 2000, no pet.); *Trinh v. State*, 974 S.W.2d 872, 874 (Tex. App.CHouston [14th Dist.] 1998, no pet.); *Metoyer v. State*, 860 S.W.2d 673, 677 (Tex. App.CFort Worth 1993, pet. ref=d).

On the motion to suppress hearing, the evidence shows that at about 12:20 a.m. on May 16, 2001, appellant was a front seat passenger in a car driven by his friend, Ella Faye Johnson. Johnson was driving north on the east frontage road of Interstate Highway 35. Cedric McKelvey, a City of Austin police officer who was in uniform, was driving a marked patrol car behind Johnson=s car. The cars approached an intersection of a street passing under the freeway. Just south of that intersection, a U-turnaround connecting the east and the west frontage roads passed under the freeway. A solid white line divided the U-turnaround lane from the inside lane leading to the intersection. Officer McKelvey was driving in the U-turnaround lane. Johnson was driving in the inside lane of the frontage road leading to the intersectionCthe lane just to the right of McKelvey. Johnson changed lanes crossing the solid white line into the U-turnaround lane directly in front of McKelvey=s patrol car. McKelvey stopped Johnson on a side road west of the freeway. A vehicle inspection decal and a vehicle license decal were improperly fastened with tape inside of the windshield of Johnson=s car; both decals had expired. Johnson did not possess a driver=s license and she could not produce evidence of liability insurance.

McKelvey noticed that appellant was Aunable to keep his balance while seated@ and that his eyes were Ared and bloodshot,@ indicating Asome level of intoxication.@ Christopher Moore, a back-up officer, came to assist McKelvey. Moore saw appellant, who was still sitting in the passenger=s seat, lower his hands out of sight making furtive gestures under and between the seats. Moore unholstered his handgun

and shouted at appellant to raise his hands. McKelvey opened the passenger door. Appellant jumped out and a Apill bottle@ fell to the ground. Appellant pushed McKelvey aside and started to run. Appellant tripped and fell and the officers subdued him. Moore picked up the pill bottle that contained 3.05 grams of a substance later determined to be cocaine. Appellant at first told the officers that his name was Derrick Jones. It was later determined his name was Percy Green and that a parole violation warrant had been issued for his arrest.

Appellant contends that the evidence on the pretrial suppression hearing was insufficient to show that Johnson was lawfully stopped. Therefore, his constitutional rights were violated when he was seized and detained when the car was stopped. Appellant insists that the evidence on the hearing fails to show Johnson unlawfully changed lanes because it fails to show the lane change was unsafe. Appellant urges this Court to reverse the judgment, with instructions to grant the motion to suppress evidence, because the State failed to meet its burden of proof on the hearing of the pretrial motion.

At trial, Officer McKelvey testified to the additional facts that when Johnson changed lanes, she was only a car length in front of him and that he had to Ahit@ his brakes to avoid striking Johnson=s car. Also, McKelvey testified that there was Aa sign on the median between the frontage road and the interstate that tells you that you cannot cross the solid white line once you get into that lane.@ Although appellant argues that McKelvey=s trial testimony should not be used to support the trial court=s order denying the motion to suppress, he concedes that at trial, through Officer McKelvey=s testimony, the State met its burden of showing that Johnson=s driving was unsafe. A motion to suppress evidence is nothing more than a specialized objection. *See Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981); *Mayfield*

*v. State*, 800 S.W.2d 932, 935 (Tex. App.CSan Antonio 1990, no pet.). A trial court has continuing jurisdiction over a case and may at trial reconsider, and even change, its order on an earlier suppression hearing. *See Montalvo v. State*, 846 S.W.2d 133, 137-38 (Tex. App.CAustin 1993, no pet.). Here, the trial court did not err in failing to suppress and in admitting the challenged evidence at the time of trial. Appellant=s first point of error is overruled.

In his second point of error, appellant asserts that he was denied a fair trial because he did not have effective assistance of counsel. To prevail, appellant must first show that his counsel=s performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, appellant must prove, by a preponderance of the evidence, that his counsel=s representation fell below the objective standard of professional norms. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Second, appellant must show that this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. This means that appellant must show a reasonable probability that, but for his counsel=s unprofessional errors, the result of the proceeding would have been different. *Bone*, 77 S.W.3d at 83; *Mitchell*, 68 S.W.3d at 642. AReasonable probability@ is one sufficient to undermine the confidence in the outcome of the trial. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Unless a defendant shows both counsel=s deficient performance and that it resulted in prejudice, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland*, 466 U.S. at 687.

By failing to raise the issue of ineffective assistance of counsel in the trial court, appellant did not waive his constitutional right to complain of ineffective assistance of counsel. *See Robinson v. State*, 16

S.W.3d 808, 812 (Tex. Crim. App. 2000). However, rarely will the record on direct appeal be sufficient to prove that counsel=s performance was deficient. *Id*. at 813 n.7; *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

A court need not determine whether counsel=s performance was deficient before determining whether the defendant=s defense was prejudiced as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. The object of an ineffectiveness claim is not to grade counsel=s performance. *Id*. If it is easier to dispose of an ineffectiveness claim on the ground of lack of prejudice, which will often be so, that course should be followed. *Id*.; *see also Shaw v. State*, 874 S.W.2d 115, 118 (Tex. App.CAustin 1994, pet. ref=d).

Specifically, appellant faults the performance of his trial counsel for (1) failing to vigorously Across-examine Officer McKelvey on the changes in his testimony,@ and (2) failing to object to the State=s improper jury argument.

Appellant claims that Officer McKelvey Arevised his testimony linking appellant to the drugs.@ Appellant complains that Officer McKelvey=s testimony that appellant had the pill bottle in his right hand differed from earlier testimony that the pill bottle Afell from@ appellant=s lap or that appellant Adropped@ the pill bottle. The testimony designated by appellant is not necessarily inconsistent. Appellant=s complaint is hypercritical, and appellant has failed to affirmatively demonstrate that trial counsel=s performance was deficient or, if deficient, that there was a reasonable probability that the result of the trial would have been different if trial counsel had cross-examined Officer McKelvey more vigorously.

In the punishment phase of trial, the prosecutor argued:

Now you got to decide what is appropriate for this man for this offense, for his history, and the man he is today.

What do we know about him? He pled not guilty to the offense, and then the pen pack, he didn=t come in and say -- he is not a stand-up guy. He didn=t come in and say you know what, I have made mistakes. I am willing to accept it. He made us prove up that this was him. That is the person he is today. That is the person he was yesterday.

Take a look at the picture. It is him. You can take this pen pack back there and look at it. There is no mistake in the world that this is him. Fingerprints match up, name matches up, picture matches up.

You have got to decide what is appropriate.

While the prosecutor=s argument may not fit within the classical parameters of jury argument,[1] the argument cannot be construed as a comment on appellant=s failure to testify. It was merely

---

[1] Appropriate jury argument has been limited to: (1) summation of evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) a plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973); *Webber v. State*, 21 S.W.3d 726, 730 (Tex. App.C Austin 2000, pet. ref=d); *Poole v. State*, 974 S.W.2d 892, 904 (Tex.

an unjustified comment criticizing appellant for forcing the State to do what it was required to do, that is, prove appellant=s prior conviction.[2]

Appellant has failed to affirmatively demonstrate that but for the prosecutor=s comment, there was a reasonable probability that the result of the trial would have been different.  A reviewing court must Aindulge a strong presumption that counsel=s conduct falls within a wide range of reasonable representation.@ *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  Appellant has failed to overcome the strong presumption that trial counsel was acting effectively at all times. *Oldham v.*

---

App.CAustin 1998, pet. ref=d).

[2] Appellant relies on *Perkins v. State*, 630 S.W.2d 298 (Tex. App.CHouston [1st Dist.] 1981, pet. ref=d).  In that case, the trial court overruled a timely objection to the State=s argument that the defendant=s plea of Anot true@ to the enhancement paragraph was Aa lie.@ The reviewing court held the comment amounted to an accusation that the defendant had lied under oath.  Without citing authority, the appellate court held the comment sanctioned by the trial court=s ruling constituted reversible error.  In this case, the prosecutor=s argument complained that appellant=s Anot true@ plea required the State, needlessly in the prosecutor=s opinion, to offer proof of appellant=s prior felony conviction.  Although the prosecutor should not have complained about the required burden of proving the prior conviction, he did not call appellant a liar and the comment was not sanctioned by the trial court.

*State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); *Gravis v. State*, 982 S.W.2d 933, 937 (Tex. App.CAustin 1998, pet. ref=d).  Appellant=s second point of error is overruled.

In his third point of error, appellant complains that he was denied a fair hearing on punishment because of the prosecutor=s improper jury argument.  Appellant concedes that there was no trial objection to the argument of which he complains.  Also, appellant has recognized that Aeven incurable jury argument is not appellate error without a trial objection.@ *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  Appellant argues that *Cockrell* should be overruled.  However, we are bound by *Cockrell*.  The Court of Criminal Appeals has recently, explicitly declined to overrule *Cockrell*.  *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002).  Appellant=s third point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Law, Justices B. A. Smith and Dally[*]

Affirmed

Filed:  March 13, 2003

Do Not Publish

**8**

Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).