TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00394-CR






Percy Green, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 2010204, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 Appellant Percy Green, Jr. appeals from his conviction for the possession of one gram
or more but less than four grams of cocaine. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D),
.115(c) (West Supp. 2003). The jury assessed appellant's punishment, enhanced by a prior felony
conviction, at imprisonment for fifteen years. On appeal, appellant asserts that the trial court erred
by denying his motion to suppress evidence, he was denied effective assistance of counsel, and the
State's improper argument denied him a fair trial. We will affirm.

 In his first point of error, appellant complains of the overruling of his motion to
suppress evidence. Appellant concedes that the evidence demonstrates probable cause "for all
actions after the initial stop"; he "challenges only the initial stop, made without a warrant." 
Although a passenger in a vehicle that is stopped by law enforcement officers may not have standing
to contest a search of the vehicle, he has standing to challenge the stopping of the car and his own
seizure and detention. See Lewis v. State, 664 S.W.2d 345, 348 (Tex. Crim. App. 1984); Morfin v.
State, 34 S.W.3d 664, 667 (Tex. App.--San Antonio 2000, no pet.); Trinh v. State, 974 S.W.2d 872,
874 (Tex. App.--Houston [14th Dist.] 1998, no pet.); Metoyer v. State, 860 S.W.2d 673, 677 (Tex.
App.--Fort Worth 1993, pet. ref'd).

 On the motion to suppress hearing, the evidence shows that at about 12:20 a.m. on
May 16, 2001, appellant was a front seat passenger in a car driven by his friend, Ella Faye Johnson. 
Johnson was driving north on the east frontage road of Interstate Highway 35. Cedric McKelvey,
a City of Austin police officer who was in uniform, was driving a marked patrol car behind
Johnson's car. The cars approached an intersection of a street passing under the freeway. Just south
of that intersection, a U-turnaround connecting the east and the west frontage roads passed under the
freeway. A solid white line divided the U-turnaround lane from the inside lane leading to the
intersection. Officer McKelvey was driving in the U-turnaround lane. Johnson was driving in the
inside lane of the frontage road leading to the intersection--the lane just to the right of McKelvey. 
Johnson changed lanes crossing the solid white line into the U-turnaround lane directly in front of
McKelvey's patrol car. McKelvey stopped Johnson on a side road west of the freeway. A vehicle
inspection decal and a vehicle license decal were improperly fastened with tape inside of the
windshield of Johnson's car; both decals had expired. Johnson did not possess a driver's license and
she could not produce evidence of liability insurance. 

 McKelvey noticed that appellant was "unable to keep his balance while seated" and
that his eyes were "red and bloodshot," indicating "some level of intoxication." Christopher Moore,
a back-up officer, came to assist McKelvey. Moore saw appellant, who was still sitting in the
passenger's seat, lower his hands out of sight making furtive gestures under and between the seats. 
Moore unholstered his handgun and shouted at appellant to raise his hands. McKelvey opened the
passenger door. Appellant jumped out and a "pill bottle" fell to the ground. Appellant pushed
McKelvey aside and started to run. Appellant tripped and fell and the officers subdued him. Moore
picked up the pill bottle that contained 3.05 grams of a substance later determined to be cocaine. 
Appellant at first told the officers that his name was Derrick Jones. It was later determined his name
was Percy Green and that a parole violation warrant had been issued for his arrest. 

 Appellant contends that the evidence on the pretrial suppression hearing was
insufficient to show that Johnson was lawfully stopped. Therefore, his constitutional rights were
violated when he was seized and detained when the car was stopped. Appellant insists that the
evidence on the hearing fails to show Johnson unlawfully changed lanes because it fails to show the
lane change was unsafe. Appellant urges this Court to reverse the judgment, with instructions to
grant the motion to suppress evidence, because the State failed to meet its burden of proof on the
hearing of the pretrial motion.

 At trial, Officer McKelvey testified to the additional facts that when Johnson changed
lanes, she was only a car length in front of him and that he had to "hit" his brakes to avoid striking
Johnson's car. Also, McKelvey testified that there was "a sign on the median between the frontage
road and the interstate that tells you that you cannot cross the solid white line once you get into that
lane." Although appellant argues that McKelvey's trial testimony should not be used to support the
trial court's order denying the motion to suppress, he concedes that at trial, through Officer
McKelvey's testimony, the State met its burden of showing that Johnson's driving was unsafe. A
motion to suppress evidence is nothing more than a specialized objection. See Galitz v. State, 617
S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981); Mayfield v. State, 800 S.W.2d 932, 935 (Tex.
App.--San Antonio 1990, no pet.). A trial court has continuing jurisdiction over a case and may at
trial reconsider, and even change, its order on an earlier suppression hearing. See Montalvo v. State,
846 S.W.2d 133, 137-38 (Tex. App.--Austin 1993, no pet.). Here, the trial court did not err in
failing to suppress and in admitting the challenged evidence at the time of trial. Appellant's first
point of error is overruled. 

 In his second point of error, appellant asserts that he was denied a fair trial because
he did not have effective assistance of counsel. To prevail, appellant must first show that his
counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). 
Specifically, appellant must prove, by a preponderance of the evidence, that his counsel's
representation fell below the objective standard of professional norms. Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002); Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
Second, appellant must show that this deficient performance prejudiced his defense. Strickland, 466
U.S. at 687. This means that appellant must show a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. Bone, 77 S.W.3d at
83; Mitchell, 68 S.W.3d at 642. "Reasonable probability" is one sufficient to undermine the
confidence in the outcome of the trial. Mallet v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 
Unless a defendant shows both counsel's deficient performance and that it resulted in prejudice, it
cannot be said that the conviction resulted from a breakdown in the adversary process that renders
the result unreliable. Strickland, 466 U.S. at 687. 

 By failing to raise the issue of ineffective assistance of counsel in the trial court,
appellant did not waive his constitutional right to complain of ineffective assistance of counsel. See
Robinson v. State, 16 S.W.3d 808, 812 (Tex. Crim. App. 2000). However, rarely will the record on
direct appeal be sufficient to prove that counsel's performance was deficient. Id. at 813 n.7;
Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

 A court need not determine whether counsel's performance was deficient before
determining whether the defendant's defense was prejudiced as a result of the alleged deficiencies. 
Strickland, 466 U.S. at 697. The object of an ineffectiveness claim is not to grade counsel's
performance. Id. If it is easier to dispose of an ineffectiveness claim on the ground of lack of
prejudice, which will often be so, that course should be followed. Id.; see also Shaw v. State, 874
S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd). 

 Specifically, appellant faults the performance of his trial counsel for (1) failing to
vigorously "cross-examine Officer McKelvey on the changes in his testimony," and (2) failing to
object to the State's improper jury argument. 

 Appellant claims that Officer McKelvey "revised his testimony linking appellant to
the drugs." Appellant complains that Officer McKelvey's testimony that appellant had the pill bottle
in his right hand differed from earlier testimony that the pill bottle "fell from" appellant's lap or that
appellant "dropped" the pill bottle. The testimony designated by appellant is not necessarily
inconsistent. Appellant's complaint is hypercritical, and appellant has failed to affirmatively
demonstrate that trial counsel's performance was deficient or, if deficient, that there was a reasonable
probability that the result of the trial would have been different if trial counsel had cross-examined
Officer McKelvey more vigorously. 

 In the punishment phase of trial, the prosecutor argued:


 Now you got to decide what is appropriate for this man for this offense, for his
history, and the man he is today.


 What do we know about him? He pled not guilty to the offense, and then the
pen pack, he didn't come in and say -- he is not a stand-up guy. He didn't come in
and say you know what, I have made mistakes. I am willing to accept it. He made
us prove up that this was him. That is the person he is today. That is the person he
was yesterday.


 Take a look at the picture. It is him. You can take this pen pack back there and
look at it. There is no mistake in the world that this is him. Fingerprints match up,
name matches up, picture matches up.


 You have got to decide what is appropriate. 



 While the prosecutor's argument may not fit within the classical parameters of jury
argument, (1) the argument cannot be construed as a comment on appellant's failure to testify. It was
merely an unjustified comment criticizing appellant for forcing the State to do what it was required
to do, that is, prove appellant's prior conviction. (2)

 Appellant has failed to affirmatively demonstrate that but for the prosecutor's
comment, there was a reasonable probability that the result of the trial would have been different. 
A reviewing court must "indulge a strong presumption that counsel's conduct falls within a wide
range of reasonable representation." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996). Appellant has failed to overcome the strong presumption that trial counsel was acting
effectively at all times. Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); Gravis v.
State, 982 S.W.2d 933, 937 (Tex. App.--Austin 1998, pet. ref'd). Appellant's second point of error
is overruled.

 In his third point of error, appellant complains that he was denied a fair hearing on
punishment because of the prosecutor's improper jury argument. Appellant concedes that there was
no trial objection to the argument of which he complains. Also, appellant has recognized that "even
incurable jury argument is not appellate error without a trial objection." See Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). Appellant argues that Cockrell should be overruled. 
However, we are bound by Cockrell. The Court of Criminal Appeals has recently, explicitly
declined to overrule Cockrell. See Mathis v. State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002). 
Appellant's third point of error is overruled.

 The judgment is affirmed.



 __________________________________________

 Carl E. F. Dally, Justice

Before Chief Justice Law, Justices B. A. Smith and Dally*

Affirmed

Filed: March 13, 2003

Do Not Publish






















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1.   Appropriate jury argument has been limited to: (1) summation of evidence, (2) reasonable
deduction from the evidence, (3) answer to argument of opposing counsel, and (4) a plea for law
enforcement. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973); Webber v. State, 21
S.W.3d 726, 730 (Tex. App.--Austin 2000, pet. ref'd); Poole v. State, 974 S.W.2d 892, 904 (Tex.
App.--Austin 1998, pet. ref'd).
2.   Appellant relies on Perkins v. State, 630 S.W.2d 298 (Tex. App.--Houston [1st Dist.]
1981, pet. ref'd). In that case, the trial court overruled a timely objection to the State's argument that
the defendant's plea of "not true" to the enhancement paragraph was "a lie." The reviewing court
held the comment amounted to an accusation that the defendant had lied under oath. Without citing
authority, the appellate court held the comment sanctioned by the trial court's ruling constituted
reversible error. In this case, the prosecutor's argument complained that appellant's "not true" plea
required the State, needlessly in the prosecutor's opinion, to offer proof of appellant's prior felony
conviction. Although the prosecutor should not have complained about the required burden of
proving the prior conviction, he did not call appellant a liar and the comment was not sanctioned by
the trial court.