Opinion filed August 2,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00349-CR 

                                                    __________

 

                                   ELISABETH
PANDO, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR31171

 



 

M
E M O R A N D U M   O P I N I O N

Elisabeth
Pando appeals from the revocation of her community supervision that she had
received following her conviction of theft by check.  Following Pando’s plea of
not true to the allegations contained in the State’s motion to revoke, the
trial court revoked Pando’s community supervision and assessed the original
punishment of two years in the Texas Department of Criminal Justice, State Jail
Division, and the remaining balance of a $500 fine.  In two issues on appeal,
Pando contends that the trial court erred when it denied her motion for new
trial because evidence presented at the hearing on her motion showed that she
did not receive effective assistance of counsel because her counsel failed to
timely inform her of a plea offer, failed to offer meaningful advice, failed to
consult with her, failed to investigate the case, and failed to present a
meaningful defense.  In Issue Two, she contends that, if we determine that her
motion for new trial was insufficient, she received ineffective assistance of
trial counsel because her counsel had little interaction with her, had no trial
strategy, and failed to investigate the case, including a failure to interview
witnesses.  We affirm.

Pando
contends in Issue One that the trial court erred in denying her motion for new trial
because her trial counsel failed to timely inform her of a plea offer, failed
to offer meaningful advice, failed to consult with her, failed to investigate
the case, and failed to present a meaningful defense.  We review a trial
court’s denial of a motion for new trial under the abuse of discretion
standard.  Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App.
2004).  We do not substitute our judgment for that of the trial court, but
decide whether the trial court’s decision was arbitrary or unreasonable.  Id.  We must view the evidence in the light
most favorable to the trial court’s ruling and presume that all reasonable
factual findings that could have been made against the losing party were made
against that losing party.  Id.  A trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court’s ruling.  

Pando
contended at the hearing on her motion for new trial that she was denied the
effective assistance of counsel at trial because her trial counsel had no trial
strategy, failed to prepare for her revocation hearing, and failed to advise
her properly.  In order to determine whether Pando’s trial counsel rendered ineffective assistance,
we must first determine whether Pando has shown that counsel’s representation
fell below an objective standard of reasonableness and, if so, then determine
whether there is a reasonable probability that the result would have been
different but for counsel’s errors.  Wiggins v. Smith, 539 U.S. 510
(2003);  Strickland
v. Washington, 466 U.S. 668 (1984); Andrews v. State, 159
S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex.
Crim. App. 1999).  We must indulge a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance, and Pando
must overcome the presumption that, under the circumstances, the challenged
action might be considered sound trial strategy.  Strickland, 466 U.S. at 689; Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Counsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.  Strickland,
466 U.S. at 690.  An allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson, 9 S.W.3d at 814.

The
State contends that the trial court did not have jurisdiction to consider
Pando’s claims of ineffective assistance of counsel because her motion for new trial
did not include that claim.  It contends that, because the trial court was
without jurisdiction to consider the claim, we may not consider the record of
that hearing in our consideration of this appeal.  As grounds for her motion
for new trial, Pando alleged, as the only basis for the motion, that “[t]he
verdict in this cause is contrary to the law and the evidence.”  Where a
defendant presents evidence in a hearing on a motion for new trial on a claim
not presented in his or her motion for new trial, the trial court has
jurisdiction to rule upon the merits of that claim by granting or denying the motion
for new trial.  Clarke v. State, 270 S.W.3d 573, 580 (Tex. Crim. App.
2008) (holding that the trial court had jurisdiction to consider claim of a
violation of Brady v. Maryland[1]
even if the motion for new trial alleged only that the verdict was contrary to
the law and the evidence).  We hold that the trial court had jurisdiction to
consider Pando’s claim regarding ineffective assistance of counsel.  

Pando
asserted at the conclusion of the hearing on her motion for new trial that her
trial attorney, Justin Wayne Low, was ineffective because he prepared the case
in five minutes, because he did not call witnesses other than Pando, and
because he did not investigate to see if there were any other witnesses.  

Low
testified that Pando retained him in connection with the motion to revoke her
community supervision.  He said he met with her prior to the final pretrial
date.  He stated that he conveyed to Pando a plea offer of six months “to do”
and that she indicated she did not want to go to jail.  He indicated he told
her that her only other option was to have a hearing and put herself before the
court.

Low
testified that he understood Pando’s position with respect to the motion to
revoke to be that she had been incarcerated for a significant period of time in
another case after being placed on community supervision in this case and that,
when she got out, she did not know that she had to start reporting.  He said he
provided Pando with a letter from the Texas Department of Criminal Justice
indicating the amount of time Pando had served in the case for which she was
incarcerated and her release date.  Low acknowledged that he subpoenaed no
witnesses and did not attempt to ask the trial court for funds to get an
investigator.  He also acknowledged that he did not ask Pando for funds for an
investigator or call any witnesses other than Pando.  He stated that he did not
think he ever asked Pando for the names of any witnesses.  He also indicated
that he thought he and Pando had talked about whether there was anyone who
could help her but that he did not think she had anyone who was worth calling.

Low
testified that he met again with Pando at the courthouse just prior to the
hearing on the motion to revoke.  He said he was already prepared.  He insisted
that he met her at his office once and the courthouse about three times.  He
denied that his conversations with Pando at the courthouse consisted of
five-minute conversations.  He stated that he and Pando did not have much to
talk about because she had nothing new and he knew everything about her case.  Low
related that he advised Pando that the court would have the right to revoke her
community supervision and could levy the full twenty-four months against her.  

In
response to questioning by the State, Low testified that evidence regarding
Pando’s defense of incarceration was presented to the trial court, which found
the allegations were true except with regard to the period of time Pando was
incarcerated.  He stated that Pando testified during the hearing about what she
had been doing since her release from incarceration and the reasons why she was
justified in not fulfilling the requirements of her community supervision.  He
said he was never asked to call any other witnesses to justify her failure to
comply with the conditions of her community supervision.

On
further questioning by Pando’s counsel, Low acknowledged that he did not recall
whether he had asked Pando for any names of witnesses.  He said he told Pando
that her incarceration was not a complete defense because of the period of time
not covered by the incarceration.

Pando
testified that her husband retained Low as her counsel and that Low bonded her
out of jail.  She indicated that, prior to her trial, she met with Low and
talked to him about her case for about five minutes.   She said that, once when
she did not show up, she came late after being contacted by Low’s office.  She
stated that Low did not discuss the case with her while they waited to see the
judge.  She said that she told him she did not want to take the six months and
did not indicate to him that she needed more time to talk to him about it.

Pando
acknowledged that Low did not indicate to her that he thought she should get
credit for the time she was in state jail.  She said he told her he was going
to try to get some of that time.  She insisted that she believed Low would get
her credit for that time and did not understand that she could not receive credit
for that time.

Pando testified that Low never
asked for the names of any witnesses, friends, family, or employers.  She
acknowledged that she did not know if Low had ever contacted her original
attorney in this case or the attorney in the case that resulted in her
incarceration.  She said he never met with her to develop a defense or develop
any mitigating factors.  She also noted that Low did not call any witnesses in
her trial to try to mitigate the sentence she could receive.

After testifying that her belief
that she would receive some credit for the time she had been incarcerated was
not based on conversations she had with Low, she said that her belief was based
on conversations with him.  She said Low did not prepare her for the hearing.  


On cross-examination, Pando
acknowledged she never told the court that she was not ready or that she needed
a new lawyer because Low was not talking to her, nor did she say that she
needed more time to get witnesses there.  She acknowledged that she never asked
Low to seek a continuance because they were not ready.  Pando further
acknowledged that she had been involved with motions to revoke before and was
familiar with court and with the process.

During cross-examination, the
following exchange occurred:

            Q.  Okay.  So could you have said to Mr.
Low that, you know, “We need more time to get witnesses”?

 

            A.  Could I have said that to him?

 

            Q.  Yes, ma’am.

 

            A.  Yes, if I really thought I needed
them. 

 

            Q.  So you didn’t really think you
needed any other witnesses?

 

            A.  Well, no, I don’t know.

 

            Q.  Okay.  So why would Mr. Low be
required to go look for witnesses, if you didn’t even think any were necessary?


 

            A.  I don’t know.

 

Pando acknowledged that she was
given ample opportunity to explain to the judge what happened to her with
respect to incarceration and why she did not think she had to report.  She also
acknowledged that she did not think she could have presented any further
evidence with regard to her incarceration and why she did not report during the
time she was incarcerated.  She related that she was able to testify about
mitigating evidence, including not knowing she was supposed to report after her
release from incarceration, and about her activities since her release.  On
redirect examination, Pando noted that Low had not asked her for the names of
any witnesses.  On recross-examination, Pando acknowledged that she did not
feel the need to tell Low anything about witnesses because there was not anyone
else.

We hold that the trial court did
not abuse its discretion in denying Pando’s motion for new trial.  The record
shows that Low presented evidence to the court as to Pando’s incarceration
during the time she was on community supervision and presented, through Pando,
mitigating evidence as to why she did not comply with the requirements of
community supervision after she was released from confinement in her other
case.  Pando acknowledged that there were no other witnesses of which she was
aware.  Pando has not shown that Low lacked a trial strategy, and even if he
erred in some way, she has failed to show what he could have done differently
that would have caused a different result.  

With respect to her claim that
counsel was ineffective for failing to interview and call witnesses, Pando
relies on the cases of Smith v. State, 894 S.W.2d 876 (Tex. App.—Amarillo
1995, pet. ref’d), and State v. Thomas, 768 S.W.2d 335 (Tex. App.—Houston
[14th Dist.] 1989, no pet.).  In both cases, counsel was found to be
ineffective for failing to interview or call witnesses in support of the
defense.  Smith, 894 S.W.2d at 880; Thomas, 768 S.W.2d at 337. 
We find both of those cases to be distinguishable because, in those cases, the
witnesses whom counsel should have presented at trial were identified.  In
contrast, in the case at bar, even Pando acknowledged at the hearing on the motion
for new trial that there were no other witnesses. 

In arguing that her counsel was
ineffective for failing to advise her that the trial court could not credit her
state jail time in another case toward her sentence, Pando relies upon the case
of Trinh v. State, 974 S.W.2d 872 (Tex. App.—Houston [14th Dist.]
1998, no pet.).  We find the case to be distinguishable.  In Trinh,
defense counsel precluded the possibility of her client receiving probation by
electing to have the jury assess punishment, with the intention of later
changing her election to the trial court.  974 S.W.2d at 876.  She was unaware
that she could not change her election without the consent of the State.  Id. 
In the case at bar, Pando testified that Low never indicated to her that he
thought she should receive credit for the fifteen months or so that she was in
state jail.  Later, she testified that she thought her state jail time was
going to get her less time in this case but that that was not based on the
conversations she had with Low.  Then, she testified that her belief that the
amount of time she had spent in the other case would be used for credit in this
case was based on her conversations with Low.  She also testified that Low said
he was going to try to get her some time.  Pando testified that she spent time
with other inmates at state jail who speculated that maybe her two cases would
“run concurrent.”

Low testified that he did not
believe that Pando should receive credit for the time she was incarcerated in
another case.  While acknowledging that he had indicated to Pando that he
wanted to ascertain how much credit she should have, he stated that he was
referring to credit regarding
any holds from the court on the motion to revoke.  We note that, even if the
trial court could not have given Pando credit for the time she was incarcerated
in another case, the trial court was authorized to reduce Pando’s original
sentence had the court chosen to do so.  See Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (West Supp.
2011).   

Pando’s second issue was contingent
on our finding that her motion for new trial did not confer jurisdiction on the
trial court to determine the issue of ineffective assistance of counsel because
it was not alleged as the basis for the motion.  Inasmuch as we have held that
the trial court did have such jurisdiction, we need not consider her second issue. 
We overrule Issues One and Two.

The judgment of the trial court is
affirmed.

 

                                                                                    PER
CURIAM

August 2, 2012

Do
not publish.  See Tex. R. App. P.
47.2(b).

Panel consists
of: Wright, C.J.,

McCall, J., and
Hill.[2]









                [1]Brady
v. Maryland, 373 U.S. 83 (1963).





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.