

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00160-CR

---

WHITNEY ROGERS                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
TRIAL COURT NO. 2014-0223M-CR

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

After the denial of her motion to suppress, Appellant Whitney Rogers pleaded guilty to possession of a controlled substance in an amount less than one gram pursuant to a plea-bargain agreement, but reserved her right to appeal the denial of her motion to suppress. *See* Tex. Health & Safety Code Ann. §§

---

[1]*See* Tex. R. App. P. 47.4.

481.102, 481.115(a)-(b) (West 2010).  In accordance with Rogers's plea bargain, the trial court placed Rogers on deferred adjudication for a period of two years and ordered her to pay a fine of $250, restitution of $180, court costs, and attorney's fees.  In her sole issue, Rogers argues that the trial court erred in denying her motion to suppress.  We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2014, Rogers was a passenger in a vehicle being driven by Gary Messick.  Trooper Brandon Neff observed that the vehicle appeared to have an illegal window tint.  *See* Tex. Transp. Code Ann. § 547.613(a)(2) (West 2011).  Trooper Neff stopped the vehicle and verified that the window tint was in fact illegal.  He also verified that Messick was the owner of the vehicle.  Trooper Neff testified that in situations when he stops a vehicle that has more than one occupant, he likes to separate the occupants so that he can speak to them individually.  Thus, Trooper Neff asked Messick to exit the vehicle.  Because they were on the shoulder of a busy highway, Trooper Neff thought it would be best to talk to Messick in his patrol car.

Trooper Neff frisked Messick prior to allowing him to enter the patrol car. During the frisk, Trooper Neff felt an object in Messick's pocket that he could tell was "plainly contraband."  Trooper Neff told Messick to remove the object—a

2

glass pipe of the type used to smoke methamphetamine.[2] Messick also removed from his pockets a small pill bottle that contained a bag of methamphetamine. Trooper Neff then handcuffed Messick and placed him in the patrol car.

Next, Trooper Neff asked Rogers to exit Messick's vehicle and he began searching it. The vehicle contained several items of luggage. Trooper Neff testified that he believed some of the luggage belonged to Messick and that some of the "girly-looking" items belonged to Rogers. One of the items of luggage contained a makeup bag that had in it approximately thirty different pills, including a controlled substance. Trooper Neff testified that after he found the controlled substance, Rogers stated that the makeup bag belonged to her. Rogers was then arrested and charged with possession of a controlled substance.

Rogers filed a motion to suppress, arguing that the controlled substance seized by Trooper Neff from the makeup bag as well as her statement to him regarding her ownership of the makeup bag should be suppressed. The trial court denied Rogers's motion to suppress, and she entered into the plea agreement.

---

[2]While Trooper Neff testified that he could tell the object was "plainly contraband," he also testified that he was unaware of what type of pipe it was based "just on feel."

## III. STANDING

Rogers challenges the search of Messick's person, arguing that Trooper Neff created a safety concern in order to frisk Messick and arguing that Trooper Neff did not immediately identify the object in Messick's pockets as contraband sufficient to invoke the plain-feel doctrine.[3] Rogers also challenges the search of Messick's vehicle and the search of her makeup bag found in Messick's vehicle. The State counters that Rogers lacks standing to challenge the search of Messick's person and also lacks standing to challenge the search of Messick's vehicle and her makeup bag.

### A.  The Law

The right to challenge the lawfulness of a search is limited to persons with standing—that is, to those who have been aggrieved by a search and seizure. *Matthews v. State*, 165 S.W.3d 104, 110 (Tex. App.—Fort Worth 2005, no pet.). When a search is contested, the accused establishes standing by showing she had a reasonable expectation of privacy in the area searched. *Id.* "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of [her] Fourth Amendment rights infringed." *Hughes v. State*,

---

[3]*See Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (stating that under the plain-feel doctrine an officer conducting a frisk may seize an object whose contour or mass makes its identity immediately apparent as contraband).

24 S.W.3d 833, 838 (Tex. Crim. App.) (quoting *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S. Ct. 421, 425 (1978)), *cert. denied*, 531 U.S. 980 (2000).

A passenger generally has no standing to contest the search of a vehicle. *Tucker v. State*, 183 S.W.3d 501, 507 (Tex. App.—Fort Worth 2005, no pet.). However, "a mere passenger may challenge the search of a vehicle in which [she] was riding if the search resulted from an infringement of [her] *own* Fourth Amendment Rights." *Trinh v. State*, 974 S.W.2d 872, 874 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (emphasis added) (citing *Metoyer v. State*, 860 S.W.2d 673, 677 (Tex. App.—Fort Worth 1993 pet. ref'd)). In the absence of any evidence showing that a passenger in a vehicle has a legitimate expectation of privacy in the vehicle or a possessory interest in the property seized, the passenger has no standing to contest the search of the vehicle. *Flores v. State*, 871 S.W.2d 714, 720 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 926 (1994); *Carroll v. State*, 56 S.W.3d 644, 650 (Tex. App.—Waco 2001, pet. ref'd). We review the issue of standing de novo. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

### B. Analysis

Rogers lacks standing to challenge the search of Messick's person as she does not have a reasonable expectation of privacy in the search of a third person. *See Hughes*, 24 S.W.3d at 838; *Matthews*, 165 S.W.3d at 110. While a passenger normally lacks standing to challenge the search of a vehicle, Rogers asserted a possessory interest in the makeup bag that contained the controlled

5

substance. Rogers, therefore, possesses standing to challenge the search of Messick's vehicle to the extent it included her makeup bag. *See Flores*, 871 S.W.2d at 720; *Trinh*, 974 S.W.2d at 874.

## IV. ROGERS'S MOTION TO SUPPRESS

Rogers claims that the trial court erred in denying her motion to suppress because the search of Messick's vehicle and her makeup bag was made without a warrant and does not fall within any of the exceptions to the warrant requirement. The State counters that the search of Messick's vehicle and Rogers's makeup bag falls within the automobile exception to the warrant requirement.[4]

### A. The Law

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact

---

[4]The State mentions in its summary of the argument that the search of Messick's vehicle and Rogers's makeup bag also falls within the search-incident-to-arrest exception to the warrant requirement. Nowhere in its brief, however, does the State give any substantive analysis as to how the search of Messick's vehicle and Rogers's makeup bag falls within the search-incident-to-arrest exception. The State's analysis focuses solely on the automobile exception. We consequently limit our analysis accordingly.

6

questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672; *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App.), *cert. denied*, 558 U.S. 1093 (2009). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Whether a search is reasonable is a question of law that we review de novo. *Kothe*, 152 S.W.3d at 62. Reasonableness is measured by examining the totality of the circumstances. *Id.* at 63. It requires a balancing of the public interest and the individual's right to be free from arbitrary detentions and intrusions. *Id.* A search conducted without a warrant is per se unreasonable unless it falls within one of the "specifically defined and well-established"

7

exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1004 (2003); *see Best v. State*, 118 S.W.3d 857, 862 (Tex. App.—Fort Worth 2003, no pet.).

The automobile exception to the warrant requirement permits police officers to conduct a warrantless search of a vehicle if it is "readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Probable cause exists when there is a "fair probability" of finding inculpatory evidence at the location being searched. *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1154 (2009). If the automobile exception applies, police officers may search "every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173 (1982); *Neal*, 256 S.W.3d at 282. Police officers with probable cause to search a car "may inspect passengers' belongings found in the car that are capable of concealing the object of the search." *Wyoming v. Houghton*, 526 U.S. 295, 307, 119 S. Ct. 1297, 1304 (1999). As explained by the Supreme Court,

> [w]hen there is probable cause to search for contraband in a car, it is reasonable for police officers—like customs officials in the founding era—to examine packages and containers without a showing of individualized probable cause for each one. A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are "in" the car, and the officer has probable cause to search for contraband *in* the car.

*Id.* at 302, 119 S. Ct. at 1301.

8

## B. Analysis

There is no question that Messick's vehicle was readily mobile as it was being driven by Messick immediately prior to the search. *See Keehn*, 279 S.W.3d at 336 (van used days before its search was readily mobile); *Liffick v. State*, 167 S.W.3d 518, 521 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("Appellant's truck was readily capable of being used on the highways because the agents witnessed appellant driving the vehicle shorty before he was arrested.") Thus, we next turn to whether there was probable cause to believe that Messick's vehicle contained contraband. *See Keehn*, 279 S.W.3d at 335.

Trooper Neff's frisk of Messick revealed a glass pipe of the type used to smoke methamphetamine and a bag containing methamphetamine. At the suppression hearing, Trooper Neff testified that he had reason to believe that Messick's vehicle contained additional contraband. Under the totality of the circumstances, it was reasonable for Trooper Neff, after finding drugs and drug paraphernalia on Messick's person, to believe that Messick's vehicle also contained contraband. *See Houghton*, 526 U.S. at 297–98, 119 S. Ct. at 1299 (holding that hypodermic syringe found in driver's pocket gave police officers probable cause to search the driver's vehicle for contraband); *Daves v. State*, 327 S.W.3d 289, 293 (Tex. App.—Eastland 2010, no pet.) ("In the case we are reviewing, the arrest was for possession of narcotic paraphernalia. It would be reasonable for the officer to believe that the vehicle contained evidence related to that offense.").

9

Because Trooper Neff had probable cause to search Messick's vehicle for contraband, he also had probable cause to search Rogers's makeup bag that was contained within the vehicle. *See Houghton*, 526 U.S. at 307, 119 S. Ct. at 1304 (holding that officers with probable cause to search a vehicle may inspect passengers' belongings found in the vehicle that are capable of concealing the object of the search). As Messick's vehicle was readily mobile and there was probable cause to believe that it contained contraband, Trooper Neff's search of the vehicle and Rogers's makeup bag contained within the vehicle falls within the automobile exception to the warrant requirement. *See Keehn*, 279 S.W.3d at 335. Because we hold that the search of Messick's vehicle and Rogers's makeup bag contained within that vehicle falls within the automobile exception to the warrant requirement, we overrule Rogers's sole issue.

## V. CONCLUSION

Having overruled Rogers's sole issue, we affirm the trial court's judgment.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

SUDDERTH, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 14, 2016