**Yolanda Lorenza CARREON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–93–01797–CR.**

Court of Appeals of Texas,
Dallas.

July 8, 1994.

numerous affidavits that proved up the will, including the affidavits of the two witnesses and

Keith E. Jagmin, Dallas, for appellant.

Karen Wise, Dallas, for appellee.

Before LAGARDE, BURNETT, and MALONEY, JJ.

MALONEY, Justice.

Yolanda Lorenza Carreon pleaded nolo contendere to obscenity. The trial court found the evidence substantiated appellant's guilt, deferred finding appellant guilty, placed her on probation for twenty-four months, and assessed a $1000 fine. In one point of error, appellant claims the trial court erred in denying her motion for new trial requesting the trial court declare unconstitutional sections 43.21 and 43.23 of the Texas Penal Code. We dismiss this appeal for lack of jurisdiction.

The information charged appellant with promoting obscene material. She filed no pretrial motions. Appellant and the State entered into a plea bargain agreement. The trial court followed the plea bargain recommendation and placed appellant on deferred adjudication on August 16, 1993. On the same date, appellant filed a motion for new trial. Appellant first asserted that sections 43.21 and 43.23 were unconstitutional in her amended motion for new trial. The trial court overruled the motion for new trial.

■ Before 1987, a defendant could not appeal from an order deferring adjudication of guilt. *See Ex parte Hernandez,* 705 S.W.2d 700, 702 (Tex.Crim.App.1986); *McDougal v. State,* 610 S.W.2d 509, 509 (Tex. Crim.App.1981). In 1987, the Texas Legislature amended article 44.01 of the code of criminal procedure to give the State a limited right of appeal. The amendment also gave defendants on deferred adjudication a limited right to appeal. *See Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991). The code provides:

Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defen-

the notary who participated in the will's execution.

dant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code,[1] as well as any other punishment assessed in compliance with Article 44.02 [2] of this code.

TEX.CODE CRIM.PROC.ANN. art. 44.01(j) (Vernon Supp.1994). The *Dillehey* court found a legislative intent to allow unadjudicated defendants to "immediately appeal rulings on pretrial motions in compliance with Article 44.02." *Dillehey*, 815 S.W.2d at 625–26. Article 44.01(j) does not allow an unadjudicated defendant to appeal the denial of his motion for new trial. *See Rubio v. State*, 843 S.W.2d 184, 186 (Tex.App.—Fort Worth 1992, no pet.).

Because appellant challenges only the trial court's denial of her amended motion for new trial, we have no jurisdiction to consider this appeal. We dismiss the appeal for lack of jurisdiction.

---

1. *See* TEX.CODE CRIM.PROC.ANN art. 42.12, § 5(b) (Vernon Supp.1994); TEX.GOV'T CODE ANN § 311.027 (Vernon Supp.1994); *Dillehey*, 815 S.W.2d at 624, n.1.

2. By order dated December 18, 1985, the court of criminal appeals moved the proviso of article 44.02 to Rule 40(b)(1) of the Texas Rules of Appellate Procedure.