Vonnie Gerald McCOWAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01613–CR.

Court of Appeals of Texas,
Dallas.

Dec. 2, 1996.

Judy R. Anderberg, Frisco, for Appellant.

Sue Korioth, Asst. Dist. Atty., Dallas, for Appellee.

Before LAGARDE, KINKEADE and MALONEY, JJ.

## OPINION

LAGARDE, Justice.

Vonnie Gerald McCowan appeals his conviction for robbery. Appellant pleaded guilty and, pursuant to a plea bargain, the trial court sentenced appellant to five years' imprisonment and a $750 fine. Appellant brings four points of error contending that: (a) the trial court erred in not granting appellant's motion for new trial; (b) appellant's plea and waiver of rights were not voluntary, knowing, and intelligent; and (c) appellant lacked effective assistance of counsel at trial and on appeal. We dismiss appellant's first, second, and fourth points of error. We overrule appellant's third point of error and affirm the trial court's judgment.

## JURISDICTION

Rule 40(b)(1) of the rules of appellate procedure requires a defendant in an appeal from a plea bargained conviction to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. TEX.R.APP. P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994); *Penny v. State,* 880 S.W.2d 59, 61 (Tex.App.—Dallas 1994, no pet.) (en banc).

A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects or errors that occur before or after the entry of a negotiated plea. *Lyon,* 872 S.W.2d at 736; *Davis,* 870 S.W.2d at 46; *Penny,* 880 S.W.2d at 61. A defendant's notice of appeal must comply with rule 40(b)(1) to confer jurisdiction on a court of appeals to consider nonjurisdictional defects or trial errors. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61. A general notice of appeal confers jurisdiction on a court of appeals to consider only jurisdictional issues. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61.

In this case, appellant filed a general notice of appeal. The notice does not indicate that appellant obtained the trial court's permission to appeal, nor does it show that the appeal is from a matter raised by written motion and ruled on before trial. Therefore, this Court may consider only jurisdictional issues. *Lyon,* 872 S.W.2d at 736; *Penny,* 880 S.W.2d at 61.

Appellant's second and fourth points of error assert that appellant did not receive effective assistance of counsel at trial and on appeal. These points of error do not raise jurisdictional error. *See Lyon,* 872 S.W.2d at 736 (ineffective assistance of counsel is not jurisdictional defect). Appellant's first point of error contends that the trial court erred in denying appellant's motion for new trial. This point of error does not assert jurisdictional error. *Cf. Hutchins v. State,* 887 S.W.2d 207, 209, 211 (Tex.App.—Austin 1994, pet. ref'd) (failure to hold hearing on motion for new trial is not jurisdictional defect). Accordingly, we dismiss appellant's first, second, and fourth points of error for want of jurisdiction.

## VOLUNTARINESS OF APPELLANT'S PLEA

In his third point of error, appellant contends that his guilty plea and his waiver of his constitutional right to a jury trial were involuntary. Rule 40(b)(1) is predicated on the entry of a voluntary plea of guilty or nolo contendere. *Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App. 1996); *Soto v. State,* 837 S.W.2d 401, 404 (Tex.App.—Dallas 1992,

no pet.). Therefore, an appellant can raise the issue of whether his plea was voluntary even when he pleaded guilty or nolo contendere with an agreement as to punishment and the trial court followed the agreement. *Flowers,* 935 S.W.2d at 134; *Soto,* 837 S.W.2d at 404. Accordingly, we have jurisdiction over appellant's third point of error.

Prior to accepting a guilty plea, the trial court must admonish the defendant. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)-(d) (Vernon 1989). The admonishments ensure that the defendant is aware of the consequences of his guilty plea. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App. [Panel Op.] 1979). While the provisions of article 26.13 are mandatory, substantial compliance with the statute is sufficient unless the appellant shows he entered his plea without understanding the consequences of his actions and that he was misled or suffered harm. TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Smith v. State,* 857 S.W.2d 71, 73–74 (Tex.App.—Dallas 1993, pet. ref'd). The admonishments may be given in writing if the defendant and his attorney sign a statement that the defendant understands the admonitions and is aware of the consequences of his plea. TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989). Once the trial judge substantially complies with article 26.13, the burden shifts to the defendant to show that he entered his plea without understanding the consequences of his actions and that he was harmed. *Smith,* 857 S.W.2d at 74; *Williams v. State,* 770 S.W.2d 81, 82 (Tex.App.—Dallas 1989, no pet.).

In this case, the trial court gave the required admonitions in writing. Appellant and his attorney signed a statement that appellant understood the admonitions and understood and was aware of the consequences of his plea. Thus, the trial court substantially complied with article 26.13.

Appellant argues that his plea and waiver of a jury trial were involuntary because he was not aware of testimony that might have absolved him completely. This evidence consisted of a sworn statement from appellant's co-defendant stating that appellant was not involved in the offense. Appellant asserts in

his brief that "[h]e thought the state's evidence would inculpate him regardless of his guilt or innocence. Without knowledge of the codefendant's testimony, the appellant was not willing to incur the risk of a longer sentence."

During the guilty plea hearing, appellant testified that he entered his guilty plea freely and voluntarily. He testified that he freely and voluntarily signed the judicial confession, which tracked the language of the indictment. He stated that he voluntarily waived his rights to a jury trial and to present and cross-examine witnesses. Appellant signed a document stating, "Comes now the Defendant … and does in person, in writing, and in open court, waive the right to trial by jury and requests the Court to consent to and approve this waiver." We conclude that appellant has not met his burden of showing that he entered his plea without understanding the consequences of his actions and that he was harmed. We also conclude that appellant has not shown that he unknowingly and involuntarily waived his right to a jury trial. We overrule appellant's third point of error.

We affirm the trial court's judgment.