Alfred MORFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00055–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 29, 2000.

Paul A. Lechowick, San Antonio, for Appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Alfred Morfin ("Morfin") appeals his conviction for the offense of possession of cocaine. Morfin entered a plea of nolo

contendere pursuant to a plea bargain agreement following the trial court's denial of his motion to suppress. Morfin asserts nine points of error relating to the legality of the search that resulted in the discovery of the cocaine and to the sufficiency of the evidence to support his plea. We overrule Morfin's contentions as to the trial court's ruling on his motion to suppress, and we do not have jurisdiction to reach Morfin's contention as to the sufficiency of the evidence. We reform the trial court's judgment to reflect the sentence orally pronounced, and we affirm the trial court's judgment as reformed.

### Factual and Procedural Background

The only witness to testify at the hearing on Morfin's motion to suppress was the arresting officer, Kerry Keene. Keene testified that he was on routine patrol when he observed Morfin and another individual parked in a car in an area that was one block outside of a very high crime area and one block away from a bar that was a Mexican Mafia hangout. Keene had responded to calls from the bar for everything from murder to public intoxication. Keene was uncertain whether the car was parked with traffic or against traffic. Keene testified that he stopped to see if the individuals were "committing any crimes, or if they lived in the area, had problems, if they were broken down or what was wrong." When Keene pulled behind the car and illuminated the car with his spotlight, he observed Morfin, who was in the passenger seat, fumbling with something on the floorboard. As Keene was checking for identification, he noticed a bullet on top of the console of the car. Keene had the individuals step out of the car to ensure that they did not have any weapons. After frisking them for weapons, Keene looked in the area where he observed Morfin fumbling with something to see if Morfin was hiding a gun. Keene stated that he was checking the area for his safety and to make sure that nobody would get hurt. Keene observed a twelve-pack of beer on the floorboard and checked inside for a gun. When Keene moved the carton, he found a small baggy underneath it containing a controlled substance. Keene was not cross-examined. At the end of Keene's testimony, the trial court denied Morfin's motion to suppress.

Morfin pled nolo contendere to the charges and was sentenced within the terms of his plea agreement to six months in the Bexar County Jail, probated for one year. Morfin subsequently filed a motion in arrest of judgment or motion for new trial, alleging that the evidence was insufficient to support his plea. At the hearing, Morfin's attorney argued that there was no evidence that the controlled substance seized by Keene was the same controlled substance tested by the lab. The trial court denied the motion, and Morfin timely filed this appeal.

### Motion to Suppress

In his first eight points of error, Morfin challenges the search that led to the seizure of the cocaine. Morfin alleges that Keene's initial approach of the car was illegal, his search of Morfin for weapons was illegal, and his search of the car was illegal. The State responds that Morfin lacks standing to challenge the search. In the alternative, the State asserts that the search and seizure were legal.

▪ In reviewing the trial court's ruling on a motion to suppress, we afford deference to the trial court's determination of the historical facts, but we decide *de novo* whether the trial court erred in misapplying the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 87–88 (Tex.Crim. App.1997). Although standing was not raised before the trial court, standing may be raised for the first time on appeal. *See State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim.App.1996).

▪ A passenger in a vehicle does not have a legitimate expectation of privacy in a vehicle if he fails to assert a possessory interest in the vehicle or the property

seized.[1] *See Meeks v. State,* 692 S.W.2d 504, 510 (Tex.Crim.App.1985); *Trinh v. State,* 974 S.W.2d 872, 874 (Tex.App.— Houston [14th Dist.] 1998, no pet.). However, a temporary detention of a passenger during the stop of an automobile, if only for a brief period and for a limited purpose, constitutes a "seizure" of the "person" within the meaning of the Fourth Amendment. *See Whren v. United States,* 517 U.S. 806, 810–811, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). A passenger, therefore, has standing to challenge his or her seizure as unconstitutional regardless of whether he has an expectation of privacy in the place to be searched. *Lewis v. State,* 664 S.W.2d 345, 348 (Tex.Crim.App. 1984); *Trinh,* 974 S.W.2d at 874. Accordingly, Morfin had standing to challenge Keene's initial approach of the car, Morfin's removal from the car, and Keene's search of his person. Morfin does not, however, have standing to challenge Keene's search of the car.

■ Although Keene stated that he approached the car to determine whether the occupants were committing any crimes, his overall concern was that something was wrong. In considering whether Keene's actions were reasonable in response to his concern that the occupants were having car trouble, we must determine whether Keene's actions were appropriate under the "community caretaking function" exception to the warrant requirement. *Wright v. State,* 7 S.W.3d 148, 151 (Tex. Crim.App.1999). As part of an officer's duty to "serve and protect," he may stop and assist an individual whom a reasonable person—given the totality of the circumstances—would believe is in need of help. *Wright v. State,* 7 S.W.3d at 151. In determining whether an officer acted reasonably in stopping an individual to render assistance, we must consider: (1) the nature and level of the distress exhibited by the individual; (2) the location of the indi-

vidual; (3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual—if not assisted—presented a danger to himself or others. *See id.* at 151–52. In this case, Keene testified that the car was stopped in a dark, high crime area. Although two individuals were in the car, the officer could reasonably have concluded that the individuals were in danger if their car was inoperable given their location. Under those circumstances, it was reasonable for Keene to approach the car to determine if the individuals were in need of assistance. The fact that the individuals were not exhibiting any distress does not detract from the reasonableness of Keene's decision to approach the car and determine if assistance was required.

■ In analyzing whether Keene's actions were appropriate in response to his concern that the occupants were committing crimes, we apply the standard applicable to investigative detentions. *See Trinh,* 974 S.W.2d at 874 (applying investigative detention test to complaint that stop was unreasonable based on officer's mere "hunch" that occupants were possibly involved in criminal activity). Before a detention is justified, the officer must possess "reasonable suspicion" to detain the suspect, i.e., the officer must have specific, articulable facts, which in light of his experience and general knowledge, together with rational inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for investigation. *Id.* In this case, two individuals were in a car parked at the side of a street in a dark, high crime area. Even if this would not justify a detention if the officer only approached the vehicle to investigate for criminal activity, the second reason for Keene's decision to approach must be factored into the justification of the detention. When the two reasons are

1. Although Morfin's attorney argued during oral argument that Morfin asserted an ownership interest in the vehicle in his motion to suppress, we have reviewed the motion and have determined that it does not contain such an assertion.

considered together, Keene's decision to approach the vehicle was reasonable.

■ Having determined that Keene's initial approach of the vehicle was reasonable, we must determine whether Keene's decision to remove Morfin from the car and to search his person was justified. Law enforcement personnel may conduct a limited search for weapons of a person's outer clothing, even in the absence of probable cause, when the person was legally stopped and the officer reasonably believes that the person may be armed and dangerous. *See Carmouche v. State,* 10 S.W.3d 323, 329 (Tex.Crim.App. 2000). A weapons "frisk" is permissible out of concern for the officer's safety and is justified where the officer can point to specific and articulable facts which reasonably led him to conclude that the individual might possess a weapon. *See id.* In this case, Keene testified that he saw a bullet on the console of the car. It was reasonable for Keene to conclude that either the driver or Morfin might possess a weapon based on this observation given that a person generally would not be sitting in a parked car with a bullet on the console if a weapon was not in the general vicinity. Keene's decision to ask Morfin to exit the car is further bolstered by his observation of Morfin's fumbling movement as Keene approached the car. Therefore, requiring Morfin to exit the car and searching him for a weapon were justified.

Morfin's first eight points of error are overruled.

### MOTION FOR NEW TRIAL

■ In his ninth point of error, Morfin contends that the trial court erred in denying his motion for new trial that challenged the sufficiency of the evidence to support his plea. The State responds that we do not have jurisdiction to consider this issue.

Because the trial court's sentence did not exceed the sentence recommended by the prosecutor and agreed to by Morfin, and because the trial court did not grant Morfin permission to appeal, Morfin could only appeal issues relating to the ruling on Morfin's written pre-trial motion as specified in his notice of appeal, the voluntariness of his plea, or jurisdictional defects. *See* TEX.R.APP.P. 25.2(b)(3); *Luna v. State,* 985 S.W.2d 128, 130 (Tex.App.—San Antonio 1998, pet. ref'd). We do not have jurisdiction to consider Morfin's contention that the trial court erred in denying his motion for new trial. *See Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (no jurisdiction to consider sufficiency of the evidence where plea bargain followed); *McCowan v. State,* 961 S.W.2d 24, 26 (Tex. App.—Dallas 1996, no pet.) (no jurisdiction to consider denial of motion for new trial where plea bargain followed); *Carreon v. State,* 885 S.W.2d 188, 189 (Tex.App.— Dallas 1994, no pet.) (no jurisdiction to consider challenge to denial of motion for new trial).

■ During oral argument, Morfin's attorney contended that the trial court did not comply with the plea bargain because the plea bargain required that Morfin be sentenced to six months in the Bexar County Jail, rather than in a state jail facility. The State conceded that Morfin should have been sentenced to the Bexar County Jail; however, the State noted that the trial court's oral pronouncement of sentence was for six months in the Bexar County Jail, probated for one year. We have reviewed the reporter's record and agree with the State. The trial court's oral pronouncement of sentence did not exceed the punishment recommended by the prosecutor and agreed to by Morfin. The trial court's oral pronouncement controls over the written judgment. *See Coffey v. State,* 979 S.W.2d 326, 328 (Tex. Crim.App.1998). The remedy is for this court to modify or reform the incorrect written judgment. *See Abron v. State,* 997 S.W.2d 281, 282 (Tex.App.—Dallas 1998, pet. filed). Accordingly, we reform the trial court's judgment to reflect the sentence orally pronounced by the trial court which was six months confinement in the

Bexar County Jail, probated for one year, and we dismiss Morfin's ninth point of error for lack of jurisdiction.

### CONCLUSION

The trial court's judgment is reformed to reflect the sentence orally pronounced by the trial court which was six months confinement in the Bexar County Jail, probated for one year. The trial court's judgment is affirmed as reformed.