No. 04-02-00691-CV



In the Matter of P.M.









From the 386th Judicial District, Bexar County, Texas


Trial Court No. 2002-JUV-02063


Honorable Laura Parker, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 30, 2003 


AFFIRMED

 Appellant P.M. was charged with having engaged in delinquent conduct by
committing the offense of unlawfully carrying a weapon. Tex. P. Code § 46.02 (Vernon
Supp. 2003). P.M. filed a motion to suppress which was denied by the trial court.
Subsequent to the denial, P.M. pled true to the charge levied against him and, pursuant to a
plea bargain, was placed on one year juvenile probation. P.M. then filed a notice of appeal
in accordance with the Texas Rule of Appellate Procedure 25.2. He now presents this Court
with two issues on appeal, claiming the trial court erred in denying his motion to suppress
because the arrest and seizure of evidence were in violation of his rights under both the
United States and Texas Constitutions. U.S. Const. am. IV, XIV; Tex. Const. art. I,  § 9.

Background

 On the evening of July 30, 2002, San Antonio Police Officer, Steven Favorite, and his
partner initiated a traffic stop for a driver's failure to wear a seat belt. Appellant P.M., a
fifteen-year-old, was a passenger in the stopped vehicle. P.M. was not able to produce
identification when asked, and Favorite requested that P.M. exit the vehicle. Favorite
noticed that P.M. was "nervous" and inquired as to whether P.M. had any weapons in his
possession. P.M. did not answer the question and was then searched by the officer. Favorite
found a handgun in P.M.'s right front pocket and subsequently arrested him. 

 P.M. filed a motion to suppress, claiming that the arrest and seizure were effected
without valid warrant, probable cause, or reasonable suspicion in violation of the United
States Constitution, the Texas Constitution, and the Texas Family Code. The motion asserted
that P.M. was "involuntarily seized, restrained, detained, and searched" without reasonable
suspicion by Officer Favorite. The motion also asserted that any statement made subsequent
to the allegedly illegal arrest and search are inadmissible as fruits of the poisonous tree. 


 Following a hearing, the trial court denied P.M.'s motion. P.M. then pled true to the
allegations levied against him, receiving a one year juvenile probationary sentence. P.M.
now appeals to this Court, alleging in two issues that his constitutional rights were violated
by the denial of his motion to suppress.

Standard of Review

 Motions to suppress are subject to a bifurcated standard of review. Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). In reviewing the trial court's ruling on
a motion to suppress, we afford deference to the trial court's determination of the historical
facts and rulings on mixed questions of law and fact if the resolution of those questions turns
upon the credibility and demeanor of witnesses. Guzman v. State, 955 S.W.2d 85, 87-88
(Tex. Crim. App. 1997); Morfin v. State, 34 S.W.3d 664, 666 (Tex. App.--San Antonio
2000, no pet.). However, we decide de novo whether the trial court erred in misapplying the
law to the facts. Carmouche, 10 S.W.3d at 327; Guzman, 955 S.W.2d at 87-88; Morfin, 34
S.W.3d at 666. 

Violation of Constitutional Rights

 P.M. claims the trial court's failure to grant his motion to suppress resulted in a
violation of his rights under both the United States and Texas Constitutions. U. S. Const.
am. IV, XIV; Tex. Const. art. I, § 9. P.M. argues the seizure and detention were
unconstitutional because (1) his restraint by Officer Favorite should have been classified as
an arrest rather than a detention, and (2) the facts surrounding the incident were insufficient
to constitute reasonable suspicion. He does not, however, challenge the validity of the traffic
stop itself, and the United States Supreme Court has held that once a vehicle has been
lawfully detained, a police officer may order passengers to get out of the car pending
completion of the detention. Maryland v. Wilson, 519 U.S. 408, 414-15 (1997). Therefore,
we must first determine the proper standard under which to analyze P.M.'s seizure and then
ascertain whether the facts indicate a constitutional violation has occurred under that
standard.

 P.M. first argues that his seizure should be categorized as an arrest rather than as a
detention. An individual is considered to have been seized when a reasonable person in his
position would believe he is not free to leave. Johnson v. State, 912 S.W.2d 227, 234 (Tex.
Crim. App. 1995). For purposes of constitutional analysis, both arrests and detentions are
considered seizures. Id. at 235. The nature of the seizure, however, determines the
constitutional parameters to be used in analyzing its legality. Amores v. State, 816 S.W.2d
407, 411 (Tex. Crim. App. 1991); Shipman v. State, 935 S.W.2d 880, 882-83 (Tex.
App.--San Antonio 1997, writ ref'd). While probable cause is needed for an officer to place
a suspect under arrest, a lesser standard is required to effect a detention. A police officer may
stop and briefly detain a person for investigative purposes if the officer has a reasonable
suspicion supported by articulable facts that the person is about to commit or is committing
a criminal offense. Terry v. Ohio, 392 U.S. 1, 29 (1968); Amores, 816 S.W.2d at 411; State
v. Arriaga, 5 S.W.3d 804, 805 (Tex. App.--San Antonio 1999, pet. ref'd).

 In federal jurisprudence, several non-exclusive factors have been identified as being
determinative of whether a seizure has been elevated into a custodial arrest: 1) the basis for
the encounter, 2) whether the encounter was consensual, 3) the duration of the encounter,
4) investigative methods used to confirm suspicions, 5) an officer's statement that the suspect
is or is not free to leave, 6) whether weapons are displayed or other force used, 7) the number
and demeanor of the officers present, 8) the extent of the suspect's restraint, 9) whether the
suspect was transported to another location against his will, 10) whether the suspect was free
to leave. See Florida v. Royer, 460 U.S. 491, 503-04 (1983); United States v. Medenhall,
446 U.S. 544, 555-56 (1980); Shipman, 935 S.W.2d at 883. Texas law also contains a
statutory definition of an arrest. Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon Supp.
2003). A person is arrested under state law when he has been actually placed under restraint
or taken into custody by an officer. Id.

 P.M. contends that his seizure was an arrest because Officer Favorite was in full
uniform with a sidearm in view when he asked P.M. to step out of the car. Favorite also
grabbed P.M.'s arm and asked him to place his hands on the trunk of the vehicle. P.M.
further asserts that Officer Favorite restrained him by placing an elbow in the middle of his
back and then handcuffing him before he executed the search. 

 There is, however, some discrepancy regarding the sequence of events. At the hearing
on the motion to suppress, Officer Favorite is unclear as to exactly when he had his arm
placed in P.M.'s back. At one point, he also testifies that he handcuffed P.M. after he had
conducted the search and discovered the gun rather than before. Although the extent of
Officer Favorite's control over P.M. is unclear, we must afford deference to the trial court's
determination of the facts. Therefore, we affirm the trial court's finding that P.M. was under
detention rather than arrest.

 P.M. also argues that the evidence presented to the trial court is insufficient to justify
reasonable suspicion. In addition to the above analysis, the Texas Court of Criminal Appeals
has held that a pat down search for weapons requires only a reasonable suspicion that an
individual is armed, and neither absolute certainty or even probable cause. See O'Hara v.
State, 27 S.W.3d 548, 550-51 (Tex. Crim. App. 2000); Worthey v. State, 805 S.W.2d 435,
437-38 (Tex. Crim. App. 1991). Therefore, this Court will examine the seizure under a
reasonable suspicion standard. As stated above and consistent with the principles set forth
in Terry v. Ohio, a police officer can stop and briefly detain a person for investigative
purposes if the officer has a reasonable suspicion supported by articulable facts that criminal
activity is afoot. 392 U.S. at 29; Arriaga, 5 S.W.3d at 805. Reasonable suspicion is
determined from the totality of the circumstances. Moore v. State, 760 S.W.2d 808, 809-10
(Tex. App.--Austin 1988, pet. ref'd). When determining whether reasonable suspicion
existed, the facts are reviewed in an objective assessment of whether the officer acted
reasonably, and not from the subjective state of mind of the officer at the time of the search.
See Terry, 392 U.S. at 21-22; O'Hara, 27 S.W.3d at 551. We must also consider the
inferences drawn by the officer in light of his experience. Brem v. State, 571 S.W.2d 314,
318 (Tex. Crim. App. 1978).

 At the suppression hearing, Officer Favorite described the situation and iterated his
reasons for searching P.M.. Favorite stated that when he asked P.M. for identification, the
appellant raised his hands, which were "shaking uncontrollably." He also described P.M. as
"very nervous," stating that it was difficult "for him to get a full and complete sentence out
of his mouth." P.M.'s behavior caused Favorite to think something may be wrong, and it was
at that point that he asked him to step out of the car. Once P.M. was outside the vehicle,
Favorite asked whether he had any weapons on him and P.M. remained silent. In light of
Favorite's experience as a San Antonio police officer, (1) P.M.'s silence and extreme
nervousness prompted the officer to pat him down. 

 Favorite also stated that he had no reason to believe P.M. had or was about to violate
the law, although he did have a "suspicion that (P.M.) had something on him that he
shouldn't have." Favorite based this suspicion on his "training, (his) experience, and the way
(P.M.) was acting." Based on his testimony, Officer Favorite had a reasonable suspicion
supported by articulable factors making the search constitutional. (2) 


 We overrule appellant's issues and affirm the judgment of the trial court.


 Paul W. Green, Justice





1. At the time of the suppression hearing, Favorite had been employed as a San Antonio police officer for twelve
and a half years. He had been with the SWAT unit for approximately three years.
2. There are several cases in which courts have found nervous, evasive behavior to be a pertinent factor in
determining reasonable suspicion. See Illinois v. Wardlow, 528 U.S.119, 119 (2000); Florida v. Rodriguez, 469 U.S.1,
6 (1984)(per curium); U.S. v. Brignoni-Ponce, 422 U.S. 873, 885 (1975).