Opinion issued on October 9, 2003




                                                          









In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00288-CR
____________

BRYAN DOUGLAS THREADGILL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 885919



 
O P I N I O N
               The trial court’s certification of the defendant’s right of appeal in the above-referenced case reads, “the defendant has no right of appeal because he pled guilty
or no contest pursuant to a plea bargain.” According to the record, this is correct.
               Appellant pleaded guilty to aggravated sexual assault. The plea agreement
was a 20-year cap on punishment. The trial court sentenced appellant to confinement
for 15 years. Other courts of appeals have held that an agreement to a punishment
cap is a plea agreement within the meaning of Rule 25.2 of the Texas Rules of
Appellate Procedure. Carlton v. State, 91 S.W.3d 363, 364 (Tex. App.—Texarkana
2002, no pet.) (holding agreed cap on punishment limited appellate court’s
jurisdiction under former Rule 25.2(b)(3)); Lemoins v. State, 37 S.W.3d 556, 557-59
(Tex. App.—Beaumont 2001, no pet.) (same); Delatorre v. State, 957 S.W.2d 145,
148-49 (Tex. App.—Austin 1997, pet. ref’d) (holding State’s recommendation need
not be finite period for plea agreement to be valid and comply with former Rule
40(b)(1)); Tex. R. App. P. 25.2(a)(2). Significantly, former Rules 40 (b)(1)


 and
25.2(b)(3)


 and amended Rule 25.2(a)(2) that governs this appeal all define a plea-bargained case as one in which the defendant pleaded guilty or nolo contendere and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant. This case falls squarely within that definition. Appellant
pleaded guilty and agreed to the State’s recommended punishment cap of 20 years;
the punishment assessed by the trial court did not exceed it. This was therefore a
plea-bargained case within the meaning of Rule 25.2(a)(2).
               We note that both the clerk’s record and the reporter’s record state in
various places that this plea was “without a recommendation” or “without an agreed
recommendation.” Nevertheless, both also reflect that the parties agreed to a
punishment cap of 20 years. For example, the trial court admonished appellant at the
plea hearing,
As I understand additionally everybody has agreed that instead of
the range of punishment being five years in the penitentiary to
life, that in your case the range of punishment is going to be five
years in the penitentiary to no more than 20 years in the
penitentiary. That is to say there is going to be a cap of 20 years
in your case.

The cap was also written in the plea papers and the court’s judgment. We hold that
anything in the record indicating that there was no agreed recommendation did not
convert this proceeding into an open plea. The Beaumont Court of Appeals was faced
with a similar situation in Lemoins, 37 S.W.3d at 557-59, and reached the same
conclusion.
               We further note that appellant filed a motion for new trial that the trial court
denied after a hearing. At the conclusion of the hearing, appellant’s counsel
requested that the court grant permission to appeal the denial of the motion for new
trial and that she file a certification to that effect. The court replied, “But I didn’t
give permission to appeal, and I don’t give permission to appeal.” Therefore,
appellant may not appeal the denial of his motion for new trial. See Morfin v. State,
34 S.W.3d 664, 668 (Tex. App.—San Antonio 2000, no pet.); McCowan v. State, 961
S.W.2d 24, 26 (Tex. App.—Dallas 1996, no pet.).
               On July 24, 2003, we notified the parties by written order that this appeal
would be dismissed unless an amended certification from the trial court, showing that
appellant had the right to appeal, was made part of the appellate record no later than
August 22, 2003.


 No amended certification was filed.
               Accordingly, we dismiss the appeal for lack of jurisdiction.PER CURIAM
Panel consists of Justices Hedges, Nuchia, and Higley.

Publish. Tex. R. App. P. 47.2(b).