OPINION




No. 04-03-00162-CR



Clifford McLEAN,


Appellant



v.



The STATE of Texas,


Appellee



From County Court at Law No. 2, Guadalupe County, Texas


Trial Court No. CCL-02-1148


Honorable Frank Follis, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 28, 2004


AFFIRMED

 Appellant Clifford McLean was charged with the misdemeanor offense of driving
while intoxicated. McLean subsequently filed a motion to suppress. Following a hearing,
the motion was denied. On February 3, 2003, McLean entered a plea of nolo contendre and
was sentenced to 12 months probation and a $2,000 fine. McLean now appeals the denial
of his motion to suppress in two issues.

 In both his first and second issues, McLean argues the trial court erred in denying his
motion to suppress "any and all evidence seized or obtained as a result of illegal acts on
behalf of the State." Specifically, McLean avers that there was no probable cause or exigent
circumstances to justify the traffic stop made by State Trooper Edward Riojas, and that the
trial court's denial of the motion was outside the zone of reasonable disagreement. As such,
he contends any evidence obtained as a result of this stop should not be admissible at trial.

Standard of Review

 Motions to suppress are subject to a bifurcated standard of review. Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). In reviewing the trial court's ruling on
a motion to suppress, we afford deference to the trial court's determination of the historical
facts and rulings on mixed questions of law and fact if the resolution of those questions turns
upon the credibility and demeanor of witnesses. Guzman v. State, 955 S.W.2d 85, 87-88
(Tex. Crim. App. 1997); Morfin v. State, 34 S.W.3d 664, 666 (Tex. App.--San Antonio
2000, no pet.). Appellate courts are not at liberty to disturb the trial court's findings of fact
as long as they are supported by the record. However, we decide de novo whether the trial
court erred in misapplying the law to the facts. Carmouche, 10 S.W.3d at 327; Guzman, 955
S.W.2d at 87-88; Morfin, 34 S.W.3d at 666.

 


Motion to Suppress

 McLean's written motion to suppress attacks the validity of the traffic stop made by
Trooper Riojas because McLean believes the stop was made without reasonable suspicion,
probable cause, or exigent circumstances. An officer may lawfully stop and detain a person
for a traffic violation. McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). To
justify a traffic stop, the officer must have observed specific and articulable facts which, in
light of the officer's experience and personal knowledge, together with rational inferences
from these facts, would warrant a reasonable person to believe a traffic violation had
occurred. Davis v. State, 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997). 

 Texas law requires that a tail lamp or separate lamp "be constructed to emit a white
light that: (1) illuminates the rear license plate and (2) makes the plate clearly visible at a
distance of 50 feet from the rear." Tex. Transp. Code Ann. §§ 542.301(a),
547.322(f)(Vernon 1999). The failure to do so constitutes a traffic offense. Id. At the
hearing on the motion to suppress, Trooper Riojas testified that he stopped McLean because,
as McLean's vehicle passed him from the opposite direction, he turned and noticed the
vehicle lacked a functioning rear license plate light. Upon stopping McLean, however,
Riojas was able to discern that the license plate was, in fact, "very dimly lit." Riojas
maintained that, in spite of the faint light, he was not able to read the license plate as McLean
passed. McLean disputed Riojas's testimony, claiming that his light was in working order
the whole time, sufficiently meeting the standards of the Texas Transportation Code. At the
hearing, McLean's father testified that he measured fifty feet from the license plate and that
he was able to read the license plate. As additional support, McLean cited the fact that his
car had recently passed inspection.

 The trial court implicitly found Trooper Riojas's testimony regarding the condition
of the light to be more reliable, as evidenced by the court's denial of the motion to suppress.
Giving total deference to the trial court's determination of historical facts, we cannot
conclude the court abused its discretion in deciding that Trooper Riojas possessed reasonable
articulable facts which justified his initial traffic stop of McLean. We overrule McLean's
first and second issues.

 The judgment of the trial court is affirmed.


 Paul W. Green, Justice


Do Not Publish