Opinion issued October 7, 2004












 

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00086-CR
____________

ADOLFO RODRIGUEZ ESTRADA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 947389



 
OPINION ON MOTION FOR REHEARING
 AND FOR EN BANC RECONSIDERATION 
               On June 24, 2004, this Court issued its opinion dismissing the above-referenced appeal for lack of jurisdiction. Estrada v. State, No. 01-04-00086-CR
(Tex. App.—Houston [1st Dist.] June 24, 2004) (not designated for publication). 
Appellant’s counsel filed a timely motion for rehearing and for en banc
reconsideration. The panel voted unanimously to deny rehearing. The en banc Court
voted unanimously to deny en banc reconsideration. The motion for rehearing and for
en banc reconsideration is therefore denied. However, we withdraw our opinion and
judgment of June 24, 2004, and issue the following opinion in its place.
               Appellant pleaded guilty to the offense of aggravated assault and true to the
elements in an enhancement paragraph that he had a prior felony conviction. In
accordance with his plea-bargain agreement with the State, the trial court sentenced
appellant to confinement for five years. Appellant filed a timely motion for new trial,
which the trial court denied. Appellant then filed a timely notice of appeal.
               The trial court’s certification of appellant’s right to appeal reflects that this
“is a plea-bargain case, and the defendant has NO right of appeal,” and “the defendant
has waived the right of appeal.” This certification is supported by the record.
               On March 18, 2004, we issued an order notifying the parties that the appeal
would be dismissed unless an amended certification, reflecting that appellant had the
right of appeal, was made part of the appellate record no later than April 8, 2004. See
Tex. R. App. P. 37.1. Appellant’s counsel filed a motion for extension of time to file
an amended certification and a motion for extension of time to file his brief. We
granted the motions on April 29, 2004, and ordered the amended certification and
appellant’s brief due on May 17, 2004.
               On May 24, 2004, we received a supplemental clerk’s record that included
a motion for permission to appeal and certification of right to appeal and/or nunc pro
tunc that appellant filed in the trial court on April 28, 2004. In the motion, appellant
requested permission to appeal the denial of his motion for new trial. The trial court
denied the motion.
               Therefore, on June 24, 2004, we issued our opinion dismissing the appeal
for lack of jurisdiction because this was a plea-bargained case in which the trial court
followed the plea bargain agreement, appellant waived his right to appeal, and the
trial court did not grant permission to appeal. See Tex. R. App. P. 25.2(a)(2), 25.2(d).
               In his motion for rehearing and for en banc reconsideration, appellant argues
that he should be permitted to brief: (1) whether the trial court’s refusal to grant
permission to appeal and certify appellant’s right to appeal the adverse ruling on his
motion for new trial is itself appealable; (2) whether the denial of appellant’s motion
for new trial was error; and (3) the voluntariness of appellant’s waiver of the right to
appeal. We requested, and the State filed, a response to the motion for rehearing and
for en banc reconsideration.
               The Rules of Appellate Procedure are clear that in a plea-bargained case an
appellant may appeal only “those matters that were raised by written motion filed and
ruled on before trial,” or “after getting the trial court’s permission to appeal.” Tex.
R. App. P. 25.2(a)(2). There is no exception for the trial court’s refusal to grant
permission to appeal. There is no exception for an adverse ruling on a motion for
new trial. There is no exception for the voluntariness of waivers.
               The limitation of appeals in plea-bargained cases was first enacted by the
Texas Legislature in 1977. As originally enacted, Article 44.02 read, “A defendant
in any criminal action has the right of appeal under the rules hereinafter prescribed.” 
Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 44.02, 2 1965 Tex.
Gen. Laws 317, 511. In 1977, the statute was amended to include this proviso:
[P]rovided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere
before the court and the court, upon the election of the defendant,
assesses punishment and the punishment does not exceed the
punishment recommended by the prosecutor and agreed to by the
defendant and his attorney may prosecute his appeal, he must
have permission of the trial court, except on those matters which
have been raised by written motion filed prior to trial. . . . 

Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940-41. 
(Emphasis added.) The legislature repealed the proviso effective September 1, 1986
with the enactment of the Texas Rules of Appellate Procedure. Act of May 27, 1985,
69th Leg., R.S., ch. 685, §§ 1-4, 1985 Tex. Gen. Laws 2472, 2472-73.
               The provision regarding appeals in plea-bargained cases was included in
former Rule 40(b)(1) of the Rules of Appellate Procedure in 1986. Tex. R. App. P.
40(b)(1), 707-708 S.W.2d (Texas Cases) XXIX, LII-III (Tex. Crim. App. 1986). In
the 1997 revision of the rules, it became former Rule 25.2(b)(3). Tex. R. App. P.
25.2(b)(3), 948-949 S.W.2d (Texas Cases) LXI, XCVI (Tex. Crim. App. 1997). Both
former Rule 40(b)(1) and former Rule 25.2(b)(3) limited appeals in plea-bargained
felony cases to: (1) jurisdictional defects, (2) denial of pretrial written motions, and
(3) those issues on which the trial court had granted permission to appeal.
               Effective January 1, 2003, the provision was included in present Rule
25.2(a)(2) of the Rules of Appellate Procedure and again limits appeals in plea-bargained cases to the only two situations included in the original 1977 proviso, that
is, adverse rulings on pretrial written motions or with the permission of the trial court. 
See Tex. R. App. P. 25.2(a)(2).
               The point is that, since 1977, appeals in plea-bargained cases have been
extremely limited by statute and rule. The Texas Legislature did not authorize review
of any of the issues appellant wishes to raise. In delegating authority to the Court of
Criminal Appeals to promulgate a comprehensive body of appellate rules in criminal
cases, the legislature expressly provided that the rules could not abridge, enlarge or
modify the substantive rights of a litigant. Lyon v. State, 872 S.W.2d 732, 735 (Tex. 
Crim. App. 1994); Tex. Gov’t Code Ann. § 22.108 (Vernon 2004).
               The Court of Criminal Appeals revisited the question of whether an issue
not included in the former proviso or the Rules of Appellate Procedure, voluntariness
of the plea, could be raised in a plea-bargained case without the trial court’s consent
in Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001). The court held that the
issue could not be raised because it had not been included as an appealable issue in
the Article 44.02 proviso. The court wrote that “the 1977 proviso limits every appeal
on every ground in a plea-bargain[ed], felony case,”


 and that to permit the
voluntariness of a plea to be addressed on appeal in a plea-bargained case “would
completely frustrate the [1977] statute.” Id., at 81. The court further held that its
“rule-making authority does not extend to enlarging the right of appeal in this
fashion.” Id.
               In Woods v. State, 108 S.W.3d 314 (Tex. Crim. App. 2003), the court
addressed whether ineffective assistance of counsel could be addressed in the appeal
of a plea-bargained case. The court held:
The plain import of the rule is that appeals from plea-bargain
cases are limited to the situations set forth in the rule. 
Consequently, a court of appeals is not authorized to address
points of error that do not fall within one of the categories listed
in [former] Rule 25.2(b)(3).

Id., at 316. The law is clear that, in plea-bargained cases, we have no authority to
address issues that are not authorized by Rule 25.2(a)(2).
               Appellant nevertheless argues that Rule 25.2(a)(2) is unconstitutional as
applied to him because “it denies him the direct appeal and the right to counsel
available to other Defendants whose motions for new trial with identical allegations
filed after a jury or bench trial are denied by the trial court.” Appellant contends that
the rule abridges his rights to due process, equal protection, and counsel under the
federal and state constitutions.
               We disagree. The right to appeal is not a constitutional right. It is a
privilege dependent on statute. Ex parte Shumake, 953 S.W.2d 842, 844 (Tex.
App.—Austin 1997, no pet.). “The right to appeal a criminal conviction is a
substantive right solely within the province of the Legislature.” Lyon v. State, 872
S.W.2d at 734. The Court of Criminal Appeals held that denial of a right to appeal
from the trial court’s decision to adjudicate guilt did not deny the right to equal
protection of the laws under either the federal or state constitution in Olowosuko v.
State, 826 S.W.2d 940, 941-42 (Tex. Crim. App. 1992).


 We hold that the limitation
of appellant’s right to appeal under Rule 25.2(a)(2) does not violate his constitutional
rights.
               Appellant concedes that this Court held in Threadgill v. State, 120 S.W.3d
871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.), that the denial of a motion
for new trial was not an appealable issue in a plea-bargained case in which the trial
court did not grant permission to appeal. He argues, however, that our reliance on
two opinions from the San Antonio and Dallas courts of appeals was misplaced.
               In Threadgill, we relied on Morfin v. State, 34 S.W.3d 664, 668 (Tex.
App.—San Antonio 2000, no pet.), and McCowan v. State, 961 S.W.2d 24, 26 (Tex.
App.—Dallas 1996, no pet.). In Morfin, the court of appeals held that it did not have
jurisdiction to consider the denial of the motion for new trial in a plea-bargained case,
citing former Rule 25.2(b)(3). In McCowan, the court of appeals reached the same
conclusion, relying on former Rule 40(b)(1).
               Appellant contends that, when those cases were decided, “the landscape of
appellate rights for defendants in Texas courts was dramatically different” because
voluntariness of a plea was an appealable issue in plea-bargained cases without the
trial court’s permission, even though it had not been included in the Article 44.02
proviso or the Rules of Appellate Procedure. It is true that the Court of Criminal
Appeals permitted voluntariness of the plea to be raised on appeal in this class of
cases in Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996), until Flowers
was overruled by Cooper in 2001.


 We fail to perceive, however, how the existence
of the voluntariness exception during those years when Morfin and McCowan were
decided should have dictated a different result in our Threadgill opinion, or how our
reliance on those cases was misplaced. To our knowledge, the Court of Criminal
Appeals never carved out an exception in plea-bargained cases for appellate review
of the denial of a motion for new trial without the trial court’s permission, and
appellant cites none.
               Appellant further argues that Morfin is distinguishable because the ground
for the motion for new trial in that case was that the evidence was insufficient to
support the plea. Appellant’s motion for new trial was based on different grounds,
namely: (1) that the verdict was contrary to the law and the evidence, and (2) that
appellant had pleaded guilty “based upon the unavailability of a prominent witness
for the defense” . . . “who can now be located . . . .” We fail to perceive how this
difference in the stated grounds gives this Court jurisdiction to consider the denial of
appellant’s motion for new trial.
               The simple fact is that the denial of a motion for new trial, regardless of the
ground or grounds raised in the motion, is not appealable in a plea-bargained case
without the trial court’s permission. Tex. R. App. P. 25.2(a)(2). We follow our
opinion in Threadgill and the reasoning of the Court of Criminal Appeals in Cooper. 
An appellate court has jurisdiction to consider only the denial of pretrial written
motions, unless the trial court has given permission to appeal, in plea-bargained
cases.
               Under the form promulgated by the Court of Criminal Appeals, the trial
court’s certification of the right to appeal may reflect whether “matters were raised
by written motion filed and ruled on before trial, and not withdrawn or waived, and
the defendant has the right of appeal,” and also whether “the trial court has given
permission to appeal, and the defendant has the right of appeal.” Tex. R. App. P.
25.2, 90-91 S.W.3d (Texas Cases) XVII, XXIV (Aug. 28, 2001). In this case, the trial
court did not select either of those options. Instead, the trial court certified that this
“is a plea-bargain case, and the defendant has NO right of appeal,” and “the defendant
has waived the right of appeal.” This certification is supported by the record.
               We therefore have no jurisdiction to consider any of the issues appellant
states in his motion for rehearing he wishes to raise. Further, without a certification
from the trial court reflecting a right to appeal, we must dismiss the appeal. Tex. R.
App. P. 25.2(d).
               We dismiss the appeal for lack of jurisdiction.
PER CURIAMPanel consists of Justices Nuchia, Alcala, and Higley.
The en banc Court is Chief Justice Radack, and Justices Taft, Nuchia, Jennings,
Keyes, Alcala, Hanks, Higley, and Bland.

Publish. Tex. R. App. P. 47.2(b).