*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00842-CR

Osvaldo **GALDEANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Bexar County, Texas
Trial Court No. 327064
The Honorable John D. Fleming, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:  August 15, 2012

AFFIRMED

Appellant Osvaldo Galdeano was arrested and charged with possession of marihuana. After the trial court denied his motion to suppress evidence, Galdeano entered a plea of *nolo contendere*. On appeal, Galdeano challenges the trial court's ruling on the motion to suppress. We affirm the trial court's judgment.

## BACKGROUND[1]

Officer Adrian Owens was assigned to the Problem Oriented Policing (POP) Unit that identifies and patrols high crime areas in San Antonio, Texas. At 1:39 a.m. on May 10, 2010, Officer Owens and his partner were patrolling such an area and spotted a vehicle parked in a commercial parking lot. All of the surrounding businesses were closed at that hour. Galdeano was seated in the vehicle's driver's seat, and another adult male was seated in the front passenger seat. Two men were standing beside the vehicle next to the passenger side window. One of the men was leaning into the car; the other was acting as a "lookout."

Based on Officer Owens's training and experience, he testified that he believed a drug transaction was in progress. As the officers entered and parked in the lot, the two men standing beside the vehicle quickly turned and walked away. The officers exited their vehicle and "called" the two men back to the area for "identification." While speaking with the two men, Officer Owens witnessed Galdeano—still located in the vehicle—reach under the driver's seat. Believing Galdeano was reaching for a weapon, Officer Owens asked Galdeano to step out of the car. Galdeano complied and, once outside the vehicle, consented to a search of his person and vehicle. Owens found marihuana under the driver's seat and in Galdeano's pants pocket. Galdeano was arrested and charged with possession of marihuana.

Officer Owens was the sole witness to testify at the suppression hearing. Following his testimony, the trial court denied Galdeano's motion to suppress evidence. Galdeano pleaded *nolo contendere* to the offense of possession of marihuana.

## MOTION TO SUPPRESS

Galdeano contends the trial court erred in denying his motion to suppress and he raises two issues: (1) the initial approach of the officers constituted a detention, and (2) the officers

[1] The following facts are derived from Officer Owens's testimony at the hearing on the motion to suppress.

lacked reasonable suspicion to detain him. The State responds that the officers' interaction with Galdeano was merely an encounter; therefore, the officers did not need reasonable suspicion to interact with him. The State argues that once Galdeano was seen reaching under the car seat, the officers developed reasonable suspicion to detain him. The trial court determined the officers' interaction with Galdeano was an encounter until Officer Owens asked Galdeano to exit his vehicle.

## A. Standard of Review

We use a bifurcated standard in reviewing a trial court's ruling on a motion to suppress evidence. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give almost total deference to the trial court's factual determinations; we review de novo the application of law to the facts. *Id.* at 447–48.

## B. Police-Citizen Interactions

There are three "categories of interactions between police officers and citizens: encounters, investigative detentions, and arrests." *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002); *accord Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). A court examines the totality of the circumstances in determining which of the categories is implicated by an interaction between an officer and a citizen. *Crain*, 315 S.W.3d at 49. When a defendant asserts that an interaction between police and the defendant is a seizure rather than an encounter, the defendant bears the initial burden of establishing the interaction was a seizure rather than an encounter. *See State v. Woodard*, 341 S.W.3d 404, 413 (Tex. Crim. App. 2011).

Police are not required to possess any level of suspicion to initiate an encounter. *See id.* (citing *Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions.")). To justify an

investigative detention, however, an officer "must have reasonable suspicion founded on specific, articulable facts which, when combined with rational inferences from those facts, would lead the officer to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Crain*, 315 S.W.3d at 52; *accord Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

In determining whether an encounter or an investigative detention occurred, a "court focuses on whether the officer conveyed a message that compliance with the officer's request was required." *Crain*, 315 S.W.3d at 49. "It is only when the police officer engages in conduct which a reasonable man would view as threatening or offensive even if performed by another private citizen, does . . . an encounter become a seizure." *State v. Garcia-Cantu*, 253 S.W.3d 236, 243 (Tex. Crim. App. 2008) (internal quotation marks and citation omitted). Courts may look at several factors in making the encounter-detention determination, including "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the *use of language or tone of voice* indicating that compliance with the officer's request might be compelled." *Crain*, 315 S.W.3d at 49–50 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

## C. Analysis

### 1. The Interaction Was an Encounter

Based on the record, we cannot conclude that Galdeano met his initial burden of establishing that he was seized prior to Officer Owens's observation of Galdeano's furtive hand movement and the officer's subsequent request that Galdeano exit his vehicle. *See Woodard*, 341 S.W.3d at 412–13 (placing the initial burden on the accused to prove the interaction was not an encounter). Nothing in the record indicates that Officer Owens or his partner (1) approached

Galdeano in a threatening manner, (2) displayed a weapon, (3) physically touched Galdeano, or (4) used language or a particular tone of voice that indicated Galdeano was being compelled to remain in the officers' presence, prior to asking him to exit his vehicle. *See Crain*, 315 S.W.3d at 49–50 (quoting *Mendenhall*, 446 U.S. at 554). Additionally, there was no evidence presented at the motion to suppress hearing that the officers activated their vehicle's emergency lights or spotlight, or that the officers boxed in Galdeano's vehicle. *See Garcia-Cantu*, 253 S.W.3d at 243 (noting that an officer's boxing in a citizen's vehicle and using emergency lights are factors in determining the status of a citizen-police interaction).

Galdeano argues that he reasonably believed he was being detained because the two men standing outside of Galdeano's car initially began to walk away but returned only after being asked by the officers. However, there is no evidence that the officers threatened or ordered the men to return to Galdeano's vehicle. Officer Owens testified that he "called" the men back to Galdeano's vehicle to "identify" them. The record contains no description of the officer's tone, nor is there any description of how the officer "called" the men to return. *Cf. Crain*, 315 S.W.3d at 49–50 (noting that an officer's language or tone of voice is a factor in distinguishing seizures from encounters). Moreover, merely asking for a person's identification does not necessarily indicate that a seizure, as opposed to an encounter, has taken place. *See State v. Castleberry*, 332 S.W.3d 460, 468 (Tex. Crim. App. 2011) (determining that an interaction was an encounter where an officer asked two men for identification after witnessing the two men walking behind a closed business at 3:00 a.m. in an area with a high burglary rate).

Galdeano also supports his contention by noting that Officer Owens admitted during cross-examination that he subjectively believed he was detaining the four men as soon as he approached them. However, "[b]ecause the Fourth Amendment test is an objective one, an

officer's subjective intent 'to investigate' is relevant only to the extent to which such an intent is communicated to the citizen by means of an authoritative voice, commanding demeanor, or other objective indicia of official authority." *Garcia-Cantu*, 253 S.W.3d at 244 n.41. Because the record does not show that either of the officers communicated their intent to detain Galdeano or the other men by using an authoritative voice, commanding demeanor, or other authoritative display, Officer Owens's subjective belief that he was detaining the men is inapposite. *See id.*

Based on the foregoing, we conclude that the trial court did not err in determining that the officers' interaction with Galdeano was an encounter up until Officer Owens asked Galdeano to exit his vehicle.

2. *The Officers had Reasonable Suspicion*

It is undisputed that Galdeano was detained when Officer Owens asked Galdeano to exit his vehicle. Thus, we must determine whether Officer Owens had reasonable suspicion to detain Galdeano at that time.

Officer Owens was aware of the following information at the time he detained Galdeano. Owens testified that he had made several narcotics arrests at the particular location where Galdeano was parked, and he had personally purchased narcotics at the location as an undercover officer. Owens explained that the area was a high crime area where drug transactions and violent crimes occurred almost nightly and noted that Galdeano was parked in a business parking lot and none of the businesses were open at the late hour. He also explained that the body positioning of the two men standing outside of the car raised his suspicion that a drug transaction was occurring. He described one of the men as a "lookout" and described both men as "field contacts." Based on Officer Owens's five years of experience with the San Antonio Police Department and his experience with the specialized POP Unit, he concluded that a drug

transaction was occurring. Further, Owens testified that he believed Galdeano was reaching for a weapon when Galdeano made a furtive arm movement under the driver's side seat of his vehicle.

Under the totality of the circumstances, Officer Owens had reasonable suspicion to detain Galdeano. *See Derichsweiler*, 348 S.W.3d at 914. Officer Owens pointed to specific and articulable facts, which, taken together with rational inferences from those facts, justified his reasonable belief that Galdeano was involved in a drug transaction and reached for a weapon. *See Morfin v. State*, 34 S.W.3d 664, 668 (Tex. App.—San Antonio 2000, no pet.) (determining that a search was "justified where the officer can point to specific and articulable facts which reasonably led him to conclude that the individual might possess a weapon"); *Graham v. State*, 893 S.W.2d 4, 7 (Tex. App.—Dallas 1994, no pet.) (holding a search was permissible where the officer testified he was concerned for his safety when the defendant reached under his seat).

## CONCLUSION

The trial court did not err in denying Galdeano's motion to suppress evidence. Accordingly, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH